# Peck *v.* Critchlow.

The statute authorizing judgments on bonds given for the replevy of property taken on distress for rent, by motion to the court, does not violate the constitution.

A replevy bond, taken on distress for rent due, may be made payable either to the officer or the plaintiff in the proceeding.

A variance in a statutory bond from the terms of the statute, which is occasioned by a mere clerical mistake, cannot be assigned for error.

It cannot be assigned for error, in a proceeding by attachment, that there is a variance between the bond and the attachment, when the recital in the bond is unnecessary.

IN ERROR from the circuit court of the county of Warren.

At October term, 1840, of the circuit court of Warren county, plaintiff in error moved the court for execution against the defendants, on a bond for rent due and in arrear by said Critchlow, with other defendants as sureties; which bond had been executed upon an attachment for rent being levied. The property was replevied and restored to Critchlow; bond was forfeited; motion regularly entered; notices formally served, and the provisions of the act in such cases provided were strictly pursued, with the exception that in the replevin bond, instead of reciting that the property was restored to defendant, the word "restrained" was used in the printed form.

This was the only point relied on by the defendant in the court below in resisting the motion, and the objection was sustained.

The points relied on by defendant here, are—

1. The recital of the bond that the property was *restrained* to defendant instead of *restored*.

2. The remedy by motion is unconstitutional.

3. It does not appear from the record that the bond was produced at the trial.

4. There is a variance between the attachment and bond in reciting the property.

FRENCH & BURWELL, for plaintiff in error, argued—

1. It is very true that statutory provisions must be strictly pursued, yet the construction of that maxim does not lead to the absurdity that a statutory bond would be bad because a *t* was not crossed or an *i* not dotted. The statute does require that the bond should recite that the property was restored, &c. Suppose it had recited that it was *returned*, would the bond be bad? Taken in connection with what precedes and follows the word "restrained" in the bond in the record, there is no more question of the sense than if the word *returned*, or even *restored*, had been used. *Qui heret in littera heret in certice.*

2. That the remedy by motion is unconstitutional, the defendant cites Smith *v.* Smith, 1 How. 102. This decision we conceive overruled by Woodward *v.* May *et ux.* 4 How. 389, and by the still later case of Lewis *v.* Garrett's Adm'r, 5 How. 434. The case before the court is parallel with that of Lewis *v.* Garrett's Adm'r. If the defendants wished to present an issue to a jury, they could have done so. They waived it, and referred the matter to the court. This is done in equity proceedings; in cases before justices of the peace, in less sums than twenty dollars, forthcoming bonds, &c. &c.

The right of trial by jury is merely a privilege conferred; it may be waived. If a party does not ask an issue for a jury, what right has he to complain? Certainly none in this case, where the defendants have gained all that they could from a verdict. The judgment was in their favor.

This remedy existed at common law, and our statute is but a declaration of the common law.

3. It does not appear that the bond was produced at the trial. Even if the record did not show this fact, it is not necessary that it should. The record need not set out the evidence. If there had been no evidence, the record should have shown that the defendants objected. The want of it not appearing in the record, it must be presumed that the court had sufficient evidence of its existence, and that it was produced.

4. There is a variance between the writ of attachment and replevin bond, in this: the attachment states the rent to be due for "a lot of ground, being three acres, used for a brick yard," &c.;

Peck *v.* Critchlow.

the bond recites, "for a certain house described in said writ of attachment." The bond reciting the property as described in the attachment, makes it sufficiently certain. But even admitting the variance, it is immaterial, for the attachment is no part of the motion for execution on the bond.

TAYLOR and TARPLEY for defendants in error.

The constitution on its first page inhibits the granting of exclusive privileges to any man or class of men. The rent statute gives to that class of creditors called landlords, the exclusive privilege of attaching. This principle has already been condemned by the court of appeals in the case of Smith *v.* Smith's Administrator. 1 Howard, 102.

The bond does not pursue the statute, but deviates in this; that instead of reciting that the property seized under the attachment was restored to the defendant, (see How. & Hutch. p. 559, sec. 48,) it recites that the property was restrained to the defendant, which word, restrained, in the bond, if it mean any thing, means that the property was not restored to the defendant. The bond, therefore, is bad, as a statutory bond, though it might be good as a common law bond, and might be recovered upon in an action where the plaintiff could by proper averments show that the word restrained was inserted by mistake, and was intended for restored.

For these reasons it is conceived by the counsel for the defendants in error, that the judgment of the court below must be affirmed.

And for further reasons apparent on the record of said case why the judgment of the court below should be affirmed, the defendants contend:

1. That the bond was not taken in pursuance of the statute; for it should have been made payable to the officer executing the process, and by him assigned to the plaintiff: whereas in this case the bond is made payable to the plaintiff, and also assigned by the officer.

2. The notice is not sufficiently explicit. It should describe the bond, and so state the facts as to give the defendants sufficient notice of what they would have to defend. Notices in ordinary cases must be certain to a common intent, but when extraordinary ·

Peck *v.* Critchlow.

remedies are sought, such as are not known to the common law, they must be certain to every intent, and comply strictly and literally with the requirements of the statute.

3. It does not appear from the record that the bond 'was produced to the court at the time the motion was made and overruled, or that the court had any further evidence of the existence of such bond than the statements of the notice.

4. There is a material variance between the attachment and the bond. The first claims the rent, and for a lot of ground, "being three acres, situated just below the city of Vicksburg, and used for a brick yard, &c." The bond describes the rent as being due for a certain house described in the attachment; whereas no such description is in said attachment. This we consider a fatal variance, inasmuch as a recovery for rent due on a brick yard would be no bar to a recovery for rent due for a house.

And, lastly, the bond was not taken in pursuance of the statute, which only required a bond in the event that the goods levied upon were replevied and restored to the defendant; but it does not appear from this bond that the goods were restored, but states that they were restrained to the defendant. Although this is but a clerical mistake in the officer, yet in such cases the very letter of the law must be complied with.

5. It does not appear that the notice, such it was, ever was returned into the circuit court. It may have been, for aught that the record shows to the contrary, that the notice never was returned and filed as a part of the proceedings in the case, but its contents were proved by Stafford by parol.

Authorities to sustain the different positions:

The bond should have been made payable to the officer. 2 Yerger's Rep. 113. In this case bond was made to a trustee, who was entitled to receive money, but motion was overruled because not made to governor, as required by the act. See 4 Porter's Rep. 345; 2 Yerger, 321, 522; 4 Stewart, 405.

Bond must strictly pursue the act. 3 J. J. Marshall, 181.

Replevin bond executed to sheriff, instead of constable, is not the subject of a summary proceeding. 1 Stew. Rep. 10; 3 *Ib.* 429.

Bond must be assigned to authorize motion. 3 Stewart, 15.

Peck *v.* Critchlow.

Notice must describe bond particularly. *Id.* 19, 20.

. Record must show that the bond was produced on the trial below.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a motion for execution upon a bond entered into for goods distrained for rent. The motion was overruled by the court below, and an appeal in the nature of a writ of error taken to this court. Several grounds are relied on in the argument in support of the opinion of the circuit court. In the first place, it is insisted that the law authorizing the proceeding by distress for rent is unconstitutional and void; and the case of Smith *v.* Smith, 1 How. 102, is cited in support of the position. The principle of that case seems not to have been followed by this court, in some others of a similar character. The forth-coming bond law, the law authorizing a judgment against sheriffs upon motion, and judgment against sureties upon appeal and writ of error bonds, have all been holden to be constitutional. See Lewis *v.* Garritt, 5 How. 434; Wanzer *v.* Barker, 4 How. 363. Without intending to question the case of Smith *v.* Smith, we do not feel warranted from the decisions subsequently made in this court, to extend its application to any class of cases not falling immediately within its influence.

The statute which we are now called on to set aside is one which has long existed in this state, and judgments have been rendered in this court under its provisions without question. If we say that landlords cannot have this remedy by distress, because it confers upon them peculiar privileges, we must for the same reason cut off a number of other remedies. We must deprive mechanics of their lien upon the houses they have built, and creditors by deeds of trust of their power of sale, because upon the same principle, these are peculiar privileges. By the contract for rent, whether express or implied, the lessee gives to the lessor a lien upon his property upon the premises for the rent, and the remedy to enforce this lien is no more a privilege than the remedy to foreclose a mortgage. It is probable that the "separate public emoluments or privileges" which the legislature is forbidden, by the constitution, to bestow upon any man or set of men, refer mainly to political privileges, and were intended to prevent any

infringement of the great principle of equality of political rights, asserted just before in the same clause. The section may likewise extend to prohibit the granting of any privileges to any set of men, to which all others in the same circumstances would not be entitled. It is difficult to define its limits, and we shall not attempt it, farther than to say that we do not believe the statute under consideration falls within its influence.

The next reason alleged is, that the bond on which the motion is founded is not taken in pursuance of the statute, being payable to the plaintiff; when, it is contended, it should have been made payable to the officer, levying the distress. The terms of this portion of the statute are not very explicit : it says, however, that the bond shall be delivered to the lessor, and if the money be not paid before it falls due, it shall be lawful for the court, upon motion of the party to whom the same is payable, to award execution thereon. The fair inference is, that the bond is properly made payable to the lessor. This opinion does not conflict with the case of Tooley *v.* Culbertson, 5 How. 272. It is there held, that a replevy bond made payable to the sheriff and by him assigned, is good under the statute; but it is not intimated that it would not be equally good, if made payable, directly to the plaintiff.

Again: it is said that the bond varies from the statute, because it recites that the property was restrained to the defendant, instead of restored. This is so obviously a mistake, and one which could do no injury to the parties, that we do not feel disposed to give weight to it. Of a similar character is the objection that there is a variance between the attachment and the bond, in the description of the premises demised. It was unnecessary to describe them in the bond at all ; it was sufficient to recite that the bond was entered into for property distrained for rent, and it would be improper to refuse to give efficacy to the bond, because it contains a superfluous recital. To sustain such objections, would be to sacrifice the substantial ends of justice to its forms.

We have examined the numerous cases cited by the counsel for the appellees, to prove that a statutory bond must conform to the statute which authorizes it. These authorities we do not question, but think they do not apply, because this bond is in substantial conformity with the statute.

Peck *v.* Critchlow.

Upon the whole, therefore, we think the judgment of the court below must be reversed; and proceeding to give the judgment which that court should have given, we direct judgment to be here entered for the appellant, for the amount of rent due him, and interest and costs, and that execution issue thereon.

Judge SHARKEY gave no opinion.