THE GOVERNOR, USE, &c. v. KNIGHT.

1. A judgment *nisi* rendered upon a recognizance, when it does not con-
form to the recognizance, may be amended *nunc pro tunc;* and if a mo-
tion for that purpose be overruled, the refusal may be revised on error.

Writ of error to the Circuit Court of Randolph.

A judgment was rendered in this case, reciting that the defend-
ant, Knight, being solemnly called to come into Court, as he was
bound by his recognizance to do, came not, but made default;
therefore, it was considered by the Court, that the Governor of
Alabama, for the use, &c., recover of the defendant and his sure-
ties, &c. the sum of two hundred and fifty dollars, &c., unless
they appear at the then next term, and show cause, &c. Ac-
cordingly, a *scire facias* was issued, and served on Knight and
his sureties, who appeared and moved to quash the same, be-
cause the judgment *nisi* did not specify the offence which the de
fendant was called to answer. This motion was granted ; and
thereupon, while the parties were still in Court, the solicitor mov-
ed the Court, to amend the judgment *nisi*, that it might appear
for what offence Knight was called to answer, so that another
writ of *scire facias* might issue, requiring the appearance of the
parties at a future term. This motion was founded on the in-
dictment, and recognizance, which were sufficiently special. But
it was overruled, and Knight and his sureties discharged.

ATTORNEY GENERAL, for the plaintiff in error.
S. F. RICE, for the defendants.

COLLIER, C. J.—We have always considered cases of this
character, as mere civil proceedings, in which either party sup-
posing himself aggrieved by the judgment of a primary Court,
may appeal to an appellate tribunal. If the present was *res integra,*
we should be inclined to think that the mere refusal to permit the
judgment *nisi* to be perfected *nunc pro tunc* was not revisable
on error, inasmuch as it would not be definitive. It would per-

38

haps be allowable to submit the motion a second time, or oftener, to the same Court, and even if this could not be done, an action might be maintained against the defendants, upon their recognizance. There can be no question that the *data* furnished by the record, was such as authorized the proper judgment to be rendered.

We say if this were a new question, we should not be disposed to entertain a writ of error. A *mandamus* certainly appears to us, to be the more appropriate remedy, but our predecessors held, that where a motion to complete a judgment *nunc pro tunc* was overruled, a writ of error would lie to revise the decision. This is nothing more than a mere question of practice, and as no inconvenience can result from adhering to that adjudication, we are contented to allow the maxim *stare decisis* to control us. [Wilkerson v. Goldthwaite, 1 Stew. & P. Rep. 159.]

It results that the judgment of the Circuit Court must be reversed and the case remanded.