## THE STATE v. CRAIG.

1. A judgment *nisi*, on a forfeited recognizance, recited that the recognizance was entered into on "Tuesday, the 8th day of the term." A *scire facias* issued, which pursued this judgment, was served on one of the parties and dismissed, and on motion of the solicitor, another *sci. fa.* was ordered to issue, and leave granted to amend the judgment *nisi*, *nunc pro tunc;* and by the direction of the court, the clerk referred to the judgment *nisi* of the preceding term, and erased therefrom with his pen, the words *Tuesday, the 8th day of the term*, and interlined and substituted, "Wednesday, the 9th day of the term," and a *sci. fa.* then issued on the judgment as amended, returnable to the next term—Held, that the judgment *nisi* was amendable *nunc pro tunc*, and that the particular mode adopted in this case did not annul the first judgment in toto.

Writ of Error to the Circuit Court of Perry.

THIS was a proceeding by *scire facias* against the defendant in error. It appears by the record, that the defendant, at the spring term, 1845, of the circuit court entered into a recognizance with Solomon S. Horton, who was indicted for the murder of James B. Tutt; conditioned for the appearance of Horton at the then next term of the court, under the penalty of four thousand dollars. The transcript recites, that on the 9th day of the spring term of the circuit court of Perry, holden in 1845, being the 6th of May, the cause was

continued, and the recognizance entered into. It also re-
cites, that on the 7th day of the fall term, holden in 1845,
being the 3d of November, the recognizance was forfeited, a
judgment *nisi* rendered against both the recognizors, and a
*scire facias* directed to issue. This judgment, as first ren-
dered, stated that the recognizance was entered into on
" Tuesday, the 8th day of the term ;" and the *scire facias*
pursued the judgment in this respect. The *scire facias* was
served on Craig alone and dismissed; and on motion of the
solicitor another *sci. fa.* was ordered to issue, and leave grant-
ed to amend the judgment *nisi, nunc pro tunc.* There-
upon, under the leave thus granted, and by the direction of
the court, the clerk referred to the judgment *nisi* of the pre-
ceding term, and erased therefrom with his pen, the words
" Tuesday the 8th day of the term," and by the same autho-
rity interlined and substituted the words " Wednesday, the
9th day of the term." A *sci. fa.* then issued on the judg-
ment as amended, returnable to the fall term of 1846, which
was quashed by the court, upon the ground that none had
been issued returnable to the next term.

ATTORNEY GENERAL for the plaintiff in error. Upon the
motion to quash the last *sci. fa.,* the court should not have
looked to the preceding parts of the record ; but if the de-
fendant relied upon a variance, or the want of a judgment,
he should have craved oyer and demurred, or pleaded *nul
tiel record.* [Ellyson v. The State, 8 Ala. Rep. 273 ; Chiles
v. Beal, 3 Id. 26.] The judgment *nisi* need not recite any
other part of the recognizance than the recognizors are re-
quired to answer, and a misrecital in any other part is en-
tirely immaterial. [Clay's Dig. 481, § 29, 30 ; Howie &
Morrison v. The State, 1 Ala. Rep. 113 ; Smith, et al. v.
The State, 7 Porter's Rep. 492.]

Even if it be not allowable to look to the first *sci. fa.* for
any purpose, still the lapse of a term after a judgment *nisi* and
before a *sci. fa.* issued, does not warrant the quashing of the
*sci. fa.* [Clay's Dig. *ut supra;* State v. Ellyson, *ut supra;*
State v. Pepper, et al. 8 Missouri Rep. 249.] A *sci. fa.* is
only the continuance of an action already commenced, [6

Bac. Ab. 103; Arch. Prac. 76; Tidd's Prac. 983;] and a judgment for the defendant on a defective *sci. fa.* is no bar to another *sci. fa.* for the same cause. [Huey's heirs v. Redden, 3 Dana's Rep. 488.]

It was competent to have allowed the amendment of the judgment, if it was necessary to have been made; and the irregular mode in which it was perfected, cannot vitiate the entry *in toto.* [Gov. use, &c. v. Knight, et al. 8 Ala. Rep. 297; Browder v. The State, 9 Id. 58.]

A. B. MOORE and E. W. PECK, for the defendant in error, insisted that the amendment of the judgment *nisi* was irregularly made, and that the authority of the judge to the clerk, could not legalize it; that it was not only unauthorized, but *annulled* instead of perfecting the judgment: *Further*, that the failure to issue a *sci. fa.* to the term next succeeding the entry of judgment, operated a discontinuance, and one subsequently issued was not maintainable.

COLLIER, C. J.—In Chiles v. Beal, 3 Ala. Rep. 26, it was decided that the proper mode of taking advantage of the misrecital of a record in pleading, is not by a demurrer, but by the plea of *nul tiel record*, concluding with a prayer that the same may be inspected by the court; and that a variance between the bail bond actually executed, and that described in the *scire facias* was not properly presented, and could not be regarded where the defendant demurs.

Under the act which dispenses with the recital of the recognizance in the *scire facias* and otherwise simplifies the proceeding, it has been held, that the defendant may avail himself of a variance, by craving ·oyer and demurring, or by pleading *nul tiel record*. [Clay's Dig. 481, § 29, 30; 8 Ala. Rep. 273.] Whether this latter decision applies to the judgment *nisi* as well as the recognizance so as to allow a variance between the former and the *sci. fa.* to be reached in the same way, we will not stop to inquire. And the view which we take of the case relieves us from the necessity of considering whether the variance relied on is so material as to have authorized a judgment for the defendant under any state of pleading.

In the Governor, use, &c. v. Knight, 8 Ala. Rep. 297, it

was held that a judgment *nisi* which did not conform to the recognizance, may be amended *nunc pro tunc*, so that a second *scire facias* might issue after the lapse of a term, and after one issued on the defective judgment, had been quashed. So in Browder v. The State, 9 Ala. Rep. 58, it was determined that an irregular judgment *nisi* upon a recognizance may be vacated and set aside even after a *scire facias* has been issued thereon, and the appropriate judgment may be entered *nunc pro tunc*. These citations very fully establish, that a judgment on a recognizance, like all others, is amendable, where the record furnishes any thing to amend by. That there was ample authority for the correction of the judgment in the case before us, cannot be doubted, and the only question is, whether it was made in a proper manner.

Without undertaking to say, that the original judgment was defective, we think that the amendment should have been made by a new entry referring to the original, and the order of the court for its authority. But we are not prepared to say that the erasure and interlineation under the sanction, and in view of the court, annulled the first judgment *in toto;* we are satisfied that it had no such effect, and that there is no rule of law which makes the mode of amendment we have stated, exclusive of all others. The order of court giving leave to amend, and the manner in which it was made, we have said, should have been entered of record. If however, it was not done at the proper time, there could be no objection to perfecting the entries afterwards; and when the motion was made to quash the *sci. fa.* upon the proof made, it was not only competent, but proper, for the court to have directed the appropriate amendment *nunc pro tunc*. We have frequently continued causes in this court, to furnish an opportunity to the defendant in error to ask a correction in the primary court of what would otherwise be a fatal error, and upon the correction being made *nunc pro tunc*, have affirmed the judgment. If this is a regular practice, and it has been long sanctioned by us, upon the authority of other appellate courts,

it requires no extension of the principle to have authorized the criminal court to make the amendment, and overruled the motion to quash.

In Huey's Adm'r v Reddin's Heirs, et al. 3 Dana's Rep. 488, it was held that a judgment for defendants upon a defective and insufficient *scire facias*, is no bar to another *sci. fa.* for the same cause. So the neglect of the clerk to issue a *sci. fa.* immediately after its forfeiture, and a judgment *nisi* cannot prejudice the State. It may be issued though a term has intervened. [The State v. Pepper et al. 8 Miss. R. 249.] We think the citations lay down the law correctly; and that the second *scire facias* was issued in due time.

This view is decisive of the case before us. The consesequence is, that the judgment is reversed and the cause remanded.