## HATCH *vs.* THE STATE.

[ SCIRE FACIAS ON FORFEITED RECOGNIZANCE. ]

1. *Nature of proceeding.*—A scire facias on a forfeited recognizance in a criminal case, is a civil suit, and not a criminal proceeding.
2. *Release of principal discharges surety.*—Where the principal and his bail are both in court, to answer a *scire facias* on a judgment *nisi*, and the judgment *nisi* is set aside as to the principal, on his plea of pardon, the proceeding against the bail is thereby discontinued, and he is discharged.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES COBBS.

THE record in this case shows that, on the 26th March, 1866, the following conditional judgment was rendered, in favor of the State, against A. G. Scott and Alfred Hatch:

"The State of Alabama *vs.* A. G. Scott and Alfred Hatch. } It appearing to the court that A. G. Scott and Alfred Hatch agreed to pay to the State of Alabama the sum of two hundred dollars, unless the said A. G. Scott, the defendant in this cause, appeared here at this term of the court, to answer unto the State of Alabama the offense of retailing without license, &c.; and the said A. G. Scott, being solemnly called to come into court and answer as aforesaid, came not, but, wholly made default: It is therefore ordered by the court that the State of Alabama, for the use of Marengo county, recover of the said A. G. Scott and Alfred Hatch the said sum of two hundred dollars, for their default aforesaid, and

also costs of suit, unless they appear here at the next term of this court, and show cause why this judgment should not be made absolute against them; and that notice issue to said defendants accordingly."

A *scire facias* was issued on this judgment, addressed to "any sheriff of the State of Alabama," and was returned "not found" as to both of the defendants; and an *alias* was afterwards issued, which was returned "executed" on Hatch, and "not found" as to Scott. On the 3d December, 1866, the following judgment was rendered in the case:

"The State of Alabama   }   This day came the so-
       *vs.*               }   licitor who prosecutes for
A. G. Scott and Alfred Hatch. }  the State of Alabama, and also came the defendants, by their attorneys; and the defendant Hatch demurred to the *scire facias;* and the same being considered by the court, it is ordered by the court, that the demurrer be overruled, and that the defendant answer over. The defendant then filed his plea, to which plea the solicitor on behalf of the State demurred; and the same being considered by the court, the demurrer to the plea of the defendant is sustained; and the defendant Hatch declining to plead further, but saving all exceptions to the ruling of the court, it is considered and ordered by the court, that the judgment *nisi* heretofore rendered in this cause be made absolute and final against said defendant Alfred Hatch, and that the State of Alabama, for the use of Marengo county, recover of said defendant Alfred Hatch said sum of two hundred dollars for his default aforesaid, for which execution may issue. And the other defendant, A. G. Scott, having pleaded in short the pardon of the governor of the State of Alabama, it is considered and ordered by the court, that the judgment *nisi* aforesaid, heretofore rendered in this cause, be set aside as to him, on payment of the costs of this suit by the said A. G. Scott, for which execution may issue."

The ground specified in the demurrer to the *scire facias* was, that it was addressed to any sheriff of the State, instead of being addressed to the defendants. The plea interposed by Hatch set up the governor's pardon to Scott. The final judgment, the overruling of the demurrer to the

*scire facias*, and the sustaining of the demurrer to the plea, are now assigned as error.

RICE, SEMPLE & GOLDTHWAITE, and WM. E. CLARKE, for the appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

BYRD, J.—This is a civil suit, and not a criminal proceeding; and we must reverse the judgment against the appellant, upon the authority and reasoning of the following cases, and the point hereafter next stated: *Howie & Morrison v. The State*, 1 Ala. 113; *The State v. Hinson*, 4 Ala. 673; *Governor, use &c., v. Knight*, 8 Ala. 297.

The court erred in entering judgment final against the surety, and setting aside the judgment *nisi* against the principal, in the same entry. The surety and principal being in court, the setting aside of the judgment *nisi* as to the latter, operated a discontinuance of the cause as to the former; and there is, therefore, no object to be accomplished by remanding the cause.

The judgment must be reversed as to the appellant, and a judgment here rendered, setting aside the judgment *nisi* in the court below against him.