DOVER ET AL. *vs.* THE STATE, USE WINSTON COUNTY.

[SCI. FA. ON UNDERTAKING OF BAIL IN FORM OF PENAL BOND.]

1. *Undertaking of bail in form of penal bond ; how can not be enforced.*— An undertaking of bail in the form of a penal bond can not be enforced upon breach of condition, by proceeding on *scire facias* under the statute, as a regular undertaking of bail.
3. *Same.*—Only the statutory form of an undertaking of bail can be enforced by the statutory remedy.
3. *Same; deficiencies in undertaking of bail, how can not be supplied.*— The deficiencies of an undertaking of bail can not be supplied by parol proof, in a proceeding on its forfeiture under the statute.
4. *Civil action ; what is.*—A suit on a forfeited undertaking of bail is a civil action.
5. *Same ; county, how liable for costs.*—In such a suit the county is the beneficiary, and as such, is liable for the costs as other unsuccessful parties on failure of the action.

APPEAL from Circuit Court of Winston.
Tried before Hon. W. S. MUDD.

ON the preliminary examination of W. P. Garrison, charged with the murder of Peyton Baughan, the two

justices of the peace, John Hill, sr., and John W. Steele, before whom the examination was conducted, required the defendant to give a bond of $2,000 for his appearance at the next term of the court to answer any indictment which might be found against him, &c.

The defendant then offered the following instrument as such bond :

"State of Alabama, ⎰ We, W. P. Garrison and D. Dover, Winston county. ⎱ are held and firmly bound unto the State of Alabama, in the penal sum of two thousand dollars ; to be void if the above bounden W. P. Garrison appear at the next term of the circuit court of said county and State, for the offense of murder in the second degree, upon the person of Peyton Baughan, deceased, and appear from term to term thereafter until discharged by due course of law. Given under our hands and seals, this 27th February, 1869.

D. x Dover,
his mark.

S. M. x Garrison,
his mark.

Redden x Garrison,
his mark.

A. H. Richards,

H. W. Jamison,

Jas. McDowell,

*Teste*—John Hill, sr., J. P.      Milton M. Hankins,
John W. Steele, J. P.      W. J. Robinson,

B. x Walker,
his mark.

J. B. Powell,

Richard Compton,

Alfred Hill,

James D. Smith,

W. B. Seamore,

Benjamin Metcalf,

A. J. Weldon,

W. P. Godsey.

Upon the giving of this bond, Garrison was discharged, and failing to appear at the spring term, 1869, the circuit

court rendered a judgment *nisi* against all the obligors. At the fall term, 1870, the parties served with notice appeared and showed cause why the judgment *nisi* should not be made final and absolute.

From the bill of exceptions it appears, that the appellants craved *oyer* of the bond, (which was read as above set out) and "plead in short, by consent, that said judgment *nisi* ought not to be made final: 1st. Because what purports to be said bond is not signed by the defendant; 2d. Because what purports to be said bond is not approved by the magistrates; 3d. Defendants plead *nul tiel record*; 4th. The general issue, with leave to give in any special matter as if specially pleaded." No notice seems to have been taken of these pleas; but "a jury was ordered to try the issues joined."

The State introduced Steele, one of the justices of the peace who presided at the preliminary examination, who testified, in substance, that himself and Hill presided together at the trial, and required the bond to be executed, (as set out above) and that the persons whose names are signed to it, signed the same in their presence; that the bond was accepted and approved by them, and the prisoner, W. P. Garrison, discharged; that he and Hill accepted and approved said bond by writing their names under the word "teste," under said bond on the left hand side. Defendants objected to the admission of this evidence, but their objection was overruled and the evidence permitted to go to the jury, and defendants excepted. It was proved that W. P. Garrison was neither an infant, lunatic or married woman. This was all the evidence.

The court charged the jury as follows:

1st. "That it is not necessary for the name of the person charged with the murder of Baughan should be signed to the bond; that the bond was a good one without this; and if the jury should believe from the evidence that the defendants signed said bond, and that it was taken by Hill and Steele, the justices who tried said W. P. Garrison on the charge of murder, and that upon the faith of said bond said Garrison was discharged from custody, that they should find for the State."

2d. " It is not absolutely necessary that the justices who took and accepted the bond, should have marked the same with the word " approved," and have signed their names to said approval."

The defendants excepted to these charges, and asked the court to charge the jury as follows :

" If they believed from the evidence that W. P. Garrison, the party charged with the murder, was neither an infant, a lunatic, or a married woman, then if he did not sign said bond with his sureties, they must find for the defendants."

2d. If the magistrates, at the time of taking said bond, did not approve the same by writing the word " approved" upon the same, and signing their names under the word approved, that the jury must find for the defendants." The court refused to give these charges, and the defendants excepted.

The jury, under the charge of the court, rendered a verdict against the defendants for the amount of the bond, &c., and hence this appeal.

The various rulings of the court, to which exceptions were reserved, the charges given and the charges refused, are now assigned as error.

W. P. CHITWOOD, with whom was THOS. G. JONES, for appellants.

Mr. Chitwood made the following points :

1. " If an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not be done in any other manner, although there are no negative words."—*Calhoun v. Lunsford*, 4 Porter, 345 ; *Mortimer v. Piggott*, 2 Dowl. Pr. 616 ; Smith on Statutes, § 667.

2. Section 4239, and the other sections of the Code in relation to bail, are an affirmative enactment, introductory of a new law, (it prescribes what must be done in regard to bail) *pro tanto* modifying the common law power of the court, directing a thing to be done in a certain manner— (*i. e.*, how bail must be taken.) Bail must be taken in this

manner and no other, or the bail piece, if not void, certainly can not be enforced in a summary manner.

3. The whole of the enactments on this subject must be looked to; and if all can be construed harmoniously it must be done. This bond was taken under § 4239 of the Code. That section prescribes that the undertaking "must be in writing," and approved by the officer taking the same. Until the bond is approved, it is nothing more than a proposal, an offer, to contract for the appearance of the defendant. At any time before approval the bondsmen can withdraw it. It is not in any legal sense an undertaking until it is approved; and that approval is necessary to complete the contract—to make it an "undertaking"—and the statute says, "the undertaking" must be in writing. The approval in writing is a part of the "undertaking," in the sense in which it is used in the Code; for the approval in writing is necessary to make the "undertaking" complete and legal. If one part of the undertaking, especially that part of it which shows its consummation, acceptance or approval, can be effected in a different manner from that prescribed in the statute, in parol, or be proved by parol, why could not other parts of the "undertaking" exist only in parol? For instance, if in the hurry of making a bond, the amount of the penalty, or the name of the obligors be left out by inadvertence or mistake, could the State recover the amount, or recover against the person who agreed to go on the bond, by proving by parol the amount of the penalty of the bond, and that the obligor agreed to sign the bond, and on the faith of this, the officer discharged the defendant? Surely not in a proceeding by *sci. fa.* And yet, this is the same case in principle as that presented by the record. The "undertaking" is an entire contract—all of the essentials to its validity must exist *in writing*. It can not exist partly in writing and partly by parol. The sureties have the same right to stand on their contract in this as in other contracts.— *Gray v. State*, 43 Ala. 41–5. The forms laid down in the Code are as much a part of the law as to fixing bail, as to matters of substance, as any other words of the enactment, and must be looked to in determining what the law intends. It has

Dover et al. v. The State, use Winston County.

been so held by this court in criminal proceedings, (e. g., indictments,) that the forms have the force and effect of law.

4. If the construction was at all doubtful, reasons of grave public policy, prevent its being construed otherwise than is contended for. The statute gives a summary remedy on these bonds. If the defendant fails to appear at the time prescribed, and the bond is not approved in writing, the State must hunt up witnesses to prove the approval. The officer approving the bond may be dead, the witness who saw the approval may be out of the way. It takes time, and delays often ensue before recovery can be had ; justice is hindered and delayed. If the approval of the bond can be proved by parol, it can be denied by parol. Conflicts of testimony, and it may be, expensive jury trials may occur, entailing heavy expense on the people, if the approval is not established. It was not the policy or intention of the law-making power to sanction or permit any transactions which could lead to such deplorable results. Neither will the courts so construe the act, if any other reasonable construction can be arrived at.

5. Parol evidence was utterly inadmissable to prove the acceptance or approval of the bond—2 Ohio, 248 ; 1 Ohio State Rep. 399.

6. It must appear on the face of the *scire facias*, that the State is entitled to recover.—4 Iowa, p. 292.

7. As to bonds in general, see *Jackson v. Simonton*, 4 Cr. Circuit Court Reports, 255, and cases cited in R., S. & G.'s brief in *Barbour Co. v. Horn*, 41 Ala. p. 120.

8. This being only a common law bond at most, summary proceedings can not be had on it.

JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—This is a proceeding to enforce the liability of the bail in a criminal case, on a charge of murder, after the failure of the person accused to appear and answer the indictment, and who had been discharged from custody after his arrest, as upon " bail not in open court."

The undertaking of the parties, upon which the State relies, is in the following words—that is to say :

"The State of Alabama, ⎰　We, W. P. Garrison and D. Winston county. ⎱ Dover, are held and firmly bound unto the State of Alabama in the penal sum of two thousand dollars, to be void if the above bounden W. P. Garrison appear at the next term of the circuit court of said county and State, for the offense of murder in the second degree, upon the person of Peyton Baughan, deceased, and appear from term to term thereafter, until discharged by due course of law. Given under our hands and seals, this 27th February, 1869.

(Signed,)

Teste—John Hill, sr., J. P.
John W. Steele, J. P.

D. x Dover,
his
mark.

S. M. x Garrison,
his
mark.

Redden x Garrison,
his
mark.

A. H. Richards,
H. W. Jamison,
Jas. McDowell,
Milton M. Hankins,
W. J. Robinson,
B. x Walker,
his
mark.

J. B. Powell,
Richard Compton,
Alfred Hill,
James D. Smith,
W. B. Seamore,
Benjamin Metcalf,
A. J. Weldon,
W. P. Godsey."

Upon this instrument, in the above shape, the circuit court of Winston county entered a judgment *nisi* against the above named obligors at the spring term thereof, in 1869. This judgment *nisi* was afterwards made absolute and final, in the same court, at the fall term thereof, in 1870. From this latter judgment the defendants below

bring the case to this court, by appeal. In the court below, there was a trial by jury, and bill of exceptions. There are ten assignments of error, as follows:

1. The court erred in determining and allowing the pleas and issue joined in this cause to be tried by a jury.

2. In overruling appellant's objection to the trial by a jury, as shown in the bill of exceptions.

3. In overruling appellant's objection to the admission of the testimony of the witness John W. Steele, as shown in the bill of exceptions.

4. In permitting the testimony of the witness John W. Steele, against the defendant's objection, to go to the jury, as shown in the bill of exceptions.

5. In the first charge given to the jury, as shown in the bill of exceptions.

6. In the second charge given to the jury, as shown in the bill of exceptions.

7. In refusing to give the first charge requested by the defendants in the court below, as shown in the bill of exceptions.

8. In refusing to give the second charge requested by the defendants in the court below, as shown in the bill of exceptions.

9. In making the judgment *nisi* absolute and final.

10. As appears in the bill of exceptions.

The case made in the record, and these exceptions, open the discussion of the whole proceeding upon the subject of " bail not in open court," its " form and requisites" in criminal prosecutions. The section of the Code on bail in such cases, is in these words: " When not taken in open court, the undertaking of bail must be in writing, signed by the defendant and at least two sufficient sureties, and approved by the magistrate, or officer taking the same, and may be substantially in the following form :

" The State of Alabama, }    We, A. B., C. D., and E. F.,
———— county.    } agree to pay to the State of Alabama, —— dollars, unless the said A. B. appears at the next term of the —— court of —— county, and from term to term thereafter, until discharged by law, to answer a

criminal prosecution for the offense of ——, with which he is charged.

(Signed.)

A. B.<br>C. D.<br>E. F."

Approved : G. H., Judge, &c.

It will be seen at once, upon comparison of the form last above recited, and the instrument upon which this proceeding is founded, that, in language at least, they are widely different.—Revised Code, § 4239.  The *form* given in the Code is an " undertaking" of bail strictly so called, and the bail piece in the court below is simply a penal bond, with a condition. which, if performed, will avoid the bond. Revised Code, § 1585 ; 2 Bla. Com. 340 ; 2 Steph. Com. 157 ; Hurl. on Bonds, pp. 1, 2, 10, 11.  This seems to have been so intended by the parties to the instrument, as a portion of the obligors sign by their marks, and these sig-natures are attested by two witnesses, to give them validity. Revised Code, § 1.   This is, *prima facie*, a mere attestation, not an approval.

Two questions arise on this instrument : *First*, is this an " undertaking of bail," entered into under the statute, and approved by an officer of the State authorized to take it? *And second*, if it is not, can it be enforced by *scire facias* on a judgment *nisi* as upon a forfeited " undertaking of bail," properly entered into under the statute for that pur-pose ?

The whole law upon the subject of bail in criminal cases is contained in the Code.   This law not only directs when bail shall be allowed, and by whom it shall be taken ; but also the *form* of the undertaking, and the manner of its approval, is specifically laid down.—Revised Code, §§ 4232, 4233, 4235, 4236, 4239.  This law prescribes the thing to be done, and also the form in which it is competent to do it.   When this is so, the form becomes an essential ingre-dient of the manner of exercising the power conferred. And when there is but one form, and there is no authority given to vary it, this is the only form applicable to the specific remedy.—Smith on Stat. § 667, and cases there cited ; *Sturgeon v. The State*, 1 Blackf. R. 39.  When the

court is not authorized to make the form, but the form itself is prescribed by the statute, such prescribed form is peremptory, and the court can not alter it, or substitute another form in its stead. Such a form is a part of the law, and to alter it, or to pass over it and set up another form in lieu of it, would be in effect an alteration of the law by the court. This would be the usurpation of a power, not the construction of a statute. And in such a case it is indifferent whether the alteration, if it is made without authority, be a slight or a wide departure from the form prescribed. In either event, it would be unjustified and illegal.—3 Chitt. Pr. 50, 51, 54. If no power to alter the prescribed form is given, then it must be observed. If this is not done, the remedy prescribed in connection with it can not be pursued. An obligation to appear in court and answer a criminal charge, or pay a sum of money to the State, may be entered into in a great variety of forms. It may be in the form of a bond or promissory note, with a condition, or by a mortgage or a deed, with like condition. Yet, it would be absurd to contend that such forms are those intended by the statute. It is possible that such forms may be good as common law obligations, but the liability upon them could not be enforced by the statutory remedy by judgment *nisi* and *scire facias ;* because, this latter remedy is only given when the statutory form is substantially pursued. The obligation in this case is but a penal bond. Such an instrument can not be enforced by *scire facias.* It is not the statutory form, and the statutory remedy belongs only to the statutory form. What is called the "undertaking of bail," in the Code, is never in the form of a bond. It is, therefore, to be inferred that it was not intended that the form by bond should be used, but only the form prescribed in the statute.—Revised Code, §§ 4239, 4253, 4255. *Expressum facit cessare tacitum.*— Smith's Const. of Stat. 490 ; Broom's Max. ; *Jones v. Bann,* 2 Met. 490.

The statute having directed that every undertaking of bail must be in writing, and expressed in a certain set form of words, and approved by the officer taking it, no deficiency in these particulars can be helped by parol proof. If the

statutory directions are pursued, the instrument will be so perfect that the court can, upon inspection, proceed to give judgment upon it, without averments to supply its deficiencies, and, consequently, without parol proof in support of its regularity. In effect, the "undertaking of bail" under the statute becomes a record upon which the court alone premises judgment.—Revised Code, §§ 4254, 4258, 4259. If parol evidence could be let in to explain or supply one irregularity or deficiency of such a record, it might be let in to supply any that might happen to occur. But this is not permitted.—*The State v. Whitley*, 40 Ala. 728; *Gray v. The State*, 43 Ala. 41; *The State v. Chipen*, 1 Ohio R. 399. The issue in the court below was in effect an issue upon a plea of *nul tiel record*. Such an issue, generally, is triable by the court, and not by the jury. And such seems to be the intention of the legislature in reference to the statute under consideration. The sufficiency of "the cause for default," or the "excuses for default," are determinable by the court alone.—*The State v. Lighton et al.*, 4 Iowa R. 278, 280; *Carter v. Wilson*, 1 Dev. & Batt. R. 362; *Hall v. Williams*, 6 Pick. 227, 239; *Curtis v. Gibbs*, 1 Penn. Rep. 399, 405; Revised Code, §§ 4258, 4259. But *see Hall v. The State*, 9 Ala. 827, 832; Grah. N. Y. Pr. 765. But whether the plea should be tried in the one way or the other, a deficiency in the undertaking of bail on which the plea was founded, could not be supplied by parol proof. The court, therefore, erred in letting in the testimony of Mr. Steele.

The record shows that the conditional judgment was taken upon a regular "undertaking of bail" in the statutory form, but the proof showed that bail piece was a penal bond with condition. A forfeiture of such a bond did not support the conditional judgment upon a regular undertaking of bail. A charge of the court which instructed the jury that it did was erroneous.

The judgment of the court below is reversed; and as no conditional judgment can be entered upon the bond copied into the record as an undertaking of bail, the cause is not remanded.

NOTE BY REPORTER.—After the rendition of judgment in the above case, a motion was made to tax the county of Winston with the costs, &c.

THOS. G. JONES, for motion.—This is a civil, not a criminal proceeding.—*Hatch v. State*, 40 Ala. 718.

Being a civil suit, it is governed by the rules governing civil suits. Section 2779 of Revised Code gives full costs to the successful party in *all* civil cases, and this is applicable to civil suits where the State is a party. Section 2778 directs, where suit is brought in the name of nominal plaintiff for the use of another, that judgment for costs " *must be rendered against the beneficiary.*" The State is not the beneficiary here; whatever is collected belongs to the county, and hence, the county is liable for costs.

PETERS, J.—This is a motion to tax the county of Winston, the usee in this case, with the costs of this appeal in this court and in the court below.

The county is a body corporate, with power to sue or be sued in any court of record in this State.—Revised Code, § 897. It may own property and take and accept grants and conveyances for its use and benefit.—Revised Code, § 898, 899. It may also sell its property.—Revised Code, § 899. The county may also be the usee in a suit.—Revised Code, § 4254.

The law giving costs is in the following words : " The successful party in all civil actions is entitled to full costs for which judgment must be rendered, unless in cases otherwise directed by law ; and this provision is applicable in all cases in which the State is a party in civil actions as in cases of individual suitors."—Revised Code, § 2779. And " when judgment is rendered against the plaintiff in any suit brought in the name of a nominal plaintiff for the use of another, judgment for costs must be rendered against the beneficiary or his personal representatives."— Revised Code, § 2787.

The suit upon a forfeited undertaking of bail is a civil, action.—*Hatch v. The State*, 40 Ala. 718 ; *The State v. Harrison*, 4 Ala. 673 ; *Governor, use, &c., v. Knight*, 8 Ala. 297.

In such an action the county is the usee.  It follows, from what is said above, that the county is liable to be taxed with the costs in this case, as it was the unsuccessful party. There is no law that exempts the county in such a case. Therefore, let judgment for the costs of this appeal in this court and the court below, be entered against the county of Winston, the beneficiary in this suit.