# Whorley *v.* Memphis & Charleston Railroad Company.

*Garnishment on Judgment; Amendment of Judgment nunc pro tunc.*

1. *Judgment against garnishee; recital of judgment against defendant.* A garnishment on a judgment being consequential and auxiliary only, the final judgment against the garnishee must recite the fact and amount of the judgment against the original defendant.

2. *Amendment of judgment nunc pro tunc.*—At common law, a judgment could not be amended after the expiration of the term at which it was rendered; and while the statutory provisions authorizing the correction of errors or mistakes after the expiration of the term, on record or *quasi*-record evidence (Code, § 3154), have been liberally construed, they are confined to clerical errors or mistakes, leaving judicial errors to be corrected by appeal.

3. *Same; what are clerical errors.*—In the entry of a final judgment against a garnishee, it is the duty of the clerk to recite the fact and amount of the original judgment against the defendant; and his failure to do so is a clerical error, which may be corrected *nunc pro tunc* at a subsequent term.

Appeal from the Circuit Court of Limestone.

Tried before the Hon. H. C. Speake.

The appellants in this case, J. &. L. Whorley, recovered a judgment by default against William Greet, at the April term, 1874, and a writ of inquiry as to the damages was ordered, to be executed at the next term; and at the next term, on the execution of the writ, the damages were assessed at $195.47. On this judgment a garnishment was sued out on the 29th of September, 1877, and was served on the Memphis & Charleston Railroad Company as the debtor of said Greet. The garnishee filed an answer, admitting an indebtedness to said Greet to the amount of $162,50; and judgment was thereupon rendered against said garnishee, at the May term, 1879, for that amount with costs against the defendant; but this judgment did not recite the fact or the amount of the original judgment. Afterwards, in vacation, the plaintiff entered on the docket a motion to amend this judgment, *nunc pro tunc,* "by reciting in substance the existence, date, amount and parties to the judgment rendered in said cause against said Willam Greet;" and this motion coming on to be heard at the next term, they offered in evidence, in sup-

[Whorley v. Memphis & Charleston Railroad Co.]

port of their motion, the original judgments against Greet, the affidavit and garnishment, the answer of the garnishee, and all the proceedings in the cause shown by the record. The court excluded all this evidence as offered, on objections interposed by the garnishee, and overruled the motion to amend the judgment. The plaintiffs duly reserved exceptions to these several rulings, and they now assign the same as error. ·

R. A. McCLELLAN, with RICE & WILEY, for appellants, cited *Jackson v. Shipman*, 28 Ala. 488; *Faulks v. Heard & Due*, 31 Ala. 516; *Curry v. Woodward*, 44 Ala. 305; *Bonner v. Martin & Lowe*, 37 Ala. 83; *Ford v. Tinchant*, 49 Ala. 567; *Blair v. Rhodes*, 5 Ala. 648; Drake on Attachment, 658.

HUMES & GORDON, *contra.*—A garnishment is the institution ·of a new suit, and is governed by the general rules applicable to other suits; and though it be consequential to the original suit, the judgment against the original defendant is no part of the record in the garnishment proceedings, unless made so in proper manner.—Drake on Attachments, § 452; 1 Brick. Dig. 173, § 277; *Pearce v. Winter Iron Works*, 32 Ala. 72. In this ·case, the original judgment against the garnishee makes no ref·erence or allusion whatever to the judgment against the original debtor, and the record nowhere shows that that judgment was brought to the notice or knowledge of the court, as a part of the case against the garnishee. The motion to amend *nunc pro tunc* proposed to supply this defect; not by showing from record evidence, or *quasi*-record evidence, that the clerk did not enter correctly the judgment actually rendered by the court; but by adding to the judgment which the court actually rendered, and supplying omissions which were fatal to that judgment. This is not the correction of a clerical misprision, and the court properly refused to allow it.— *Van Dyke v. State*, ·22 Ala. 57; *Curtis v. Gaines*, 46 Ala. 455; *Ex parte Cresswell*, ·60 Ala. 378; *Pettus v. McClanahan*, 52 Ala. 55–8; *Daviess County v. Howard*, 13 Bush, Ky. 105; *Hall v. Williams*, 10 Me. 290; 1 Ohio, 375; 12 Mart. La. 358; *Taylor v. Harwell*, 65 Ala. 1; *Nabors v. Meredith*, 67 Ala. 333; *Nolan v. Locke*, 16 Ala. 52; *Gibson v. Wilson*, 18 Ala. 63; 3 Tenn. Ch. 137; 3 Cal. 155; *Armstrong v. Robertson*, 2 Ala. 164; *Benford v. Daniels*, 13 Ala. 667; *Burt v. Hughes*, 11 Ala. 571; *Harris v. Martin*, 39 Ala. 556; *Draughan v. Bank*, 1 Stew. 66; 8 Mo. App. 290; 74 N. C. 597.

BRICKELL, C. J.—A garnishment, issued as a remedy to ·obtain satisfaction of a judgment, is strictly statutory, and is, in some respects, a new suit; yet, it is essentially consequential,

and auxiliary to the judgment.—*Blair v. Rhodes,* 5 Ala. 548 ; *Hopper v. Todd,* 8 Ala. 121 ; *Case v. Moore,* 21 Ala. 758 ; *Jackson v. Shipman,* 28 Ala. 488. It can not issue from any other court than that in which the judgment was rendered. *Hopper v. Todd, supra.* Like an execution upon the judgment, it must issue in the name of the plaintiff in whose favor the judgment was rendered, though he may not be the real and beneficial owner ; for, as is said, the "suit is consequential to the judgment in the principal case, is designed as a remedy for its collection, and must be commenced and prosecuted in the name of the plaintiff in that judgment, no matter who may be its real owner."—*Jackson v. Shipman, supra.* If the judgment has been satisfied, and the satisfaction appears of record, so that an execution can not issue, a garnishment can not issue, though the fact may be the satisfaction proceeded from a stranger, for whose use the judgment was to be kept open.—*Thompson v. Wallace,* 3 Ala. 132. As it is a dependency of the judgment, it is essential to the regularity of a judgment against the garnishee, that in it should be recited the fact and amount of the recovery against the original defendant ; otherwise it can not be known that the plaintiff stands in a relation which entitles him to pursue the remedy, nor that he is entitled to recover the amount that the garnishee is condemned to pay.—1 Brick. Dig. 183, § 431. The judgment originally rendered against the garnishee in this case, not reciting the fact and amount of the recovery against the defendant, was therefore defective and irregular.

2. At the common law, courts were not authorized to amend judgments after the close of the term at which they were rendered. It was only while the proceedings were in *fieri,* that the right and authority of amendment existed. Judgments and records are not, therefore, amendable at a subsequent term, except in pursuance of statutory provisions, or when there is matter of record upon which the amendment may be based— "when there is some memorial, paper, or other minute of the transactions in the case, from which what actually took place can be clearly ascertained and known."—*Albers v. Whitney,* 1 Story, 310. The statute (Code of 1876, § 3154) requires the amendment of clerical errors or mistakes in final judgments, upon the application of either party, when there is sufficient matter apparent on the record or entries of the court to make the amendment. The construction of the statute has been liberal, and, while the courts have rigidly adhered to the requisition, that the evidence upon which the amendment is based must be of record, or *quasi* of record, not resting in parol, all amendments in furtherance of justice, making the record speak the whole truth of the transaction, have been allowed. The omission, mistake, or errors of the clerical officer of the court, have

[Martin v. Tally.]

not been permitted to prejudice suitors, when the evidence for their correction was found upon the records. The correction is, however, of clerical errors—it is not of the express judgment the court may have pronounced. It is in respect to an error or defect in the entry of the judgment the court rendered; the omission of the statement of a fact the parties are entitled to have spread upon the record, or, it may be, expunging the statement of a fact incorrectly or impertinently introduced. The clerical duty is the entry of the judgment the court renders, however erroneous it may be; and if the duty is performed, the correction of the error must be made in an appellate court. But, when the judgment rendered is not entered, or the wrong judgment is entered, upon proper evidence the error will be corrected, and the appropriate judgment entered.

3. The recitation of the fact and amount of the recovery against the defendant, in the entry of the judgment against the garnishee, is the duty of the clerk, as is the recitation of the judgment *nisi* in correspondence with the recognizance.—*Governor v. Knight*, 8 Ala. 297; *State v. Craig*, 12 Ala. 363. The omission of the recitation may be corrected on motion, and the Circuit Court was in error in refusing to order the correction, and the entry of the appropriate judgment.

Reversed and remanded.