Walker v. Hunter.

GEO. W. GAYLE, for appellant.

THOS. H. LEWIS, *contra.*

---

WALKER *vs.* HUNTER.

[MOTION TO DISMISS APPEAL.]

1. *Sufficiency of appeal bond as security for costs.*—A penal bond, conditioned that the appellant " shall prosecute his said appeal to effect, and shall satisfy such judgment as the supreme court shall render in the premises," is a sufficient security for the costs of the appeal, (Code, § 3041,) when the amount of the penalty is large enough to cover all the costs of the appeal, although the judgment or decree appealed from is one which cannot be superseded.

2. *Judicial notice of costs of appeal.*—The appellate court will take judicial notice of the amount of the costs of the appeal in each given case, and whether the penalty of the appeal bond is sufficient to cover all the costs.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JOHN GILL SHORTER.

THIS was a motion against the sheriff and his sureties, for his failure to make the money on an execution in favor of Mrs. Maria Walker, as executrix of John H. Walker, deceased, against Goodman & Mitchell. On the rulings of the court to the jury, the plaintiff was compelled to take a nonsuit, with a bill of exceptions. Instead of giving security for the costs of the appeal in the usual form, the appellant executed an appeal bond, in the penalty of one hundred dollars, conditioned as follows: "Now, if the above-bound Maria Walker shall prosecute her said appeal to effect, and shall satisfy such judgment as the supreme court shall render in the premises, then this bond to be void," &c. On these facts, the appellees' counsel submitted a motion to dismiss the appeal.

WM. P. CHILTON, and L. E. PARSONS, for the motion.
S. F. RICE, and J. FALKNER, *contra*.

STONE, J.—Motion is made to dismiss the appeal in this case, because, as it is contended, the judgment of the circuit court, from which the appeal is prosecuted, is not such a judgment as may be superseded under section 3019 of the Code; and, in the second place, it is urged that the bond found in this record is not sufficiently comprehensive to operate as security for the costs under section 3041 of the Code.

If the bond found in this record is a good and sufficient security for costs, it is not important in this motion to inquire whether the judgment is one which may be superseded; such security for costs will uphold the appeal.

If this question were an open one in this court, and if it be conceded that the judgment in the court below is not of any class which may be superseded under our statutes, it may admit of grave question whether the present

appeal bond does secure all the costs for which the appellant may become liable. We do not, however, regard the question as an open one.

In the case of Williams v. McConico, 27 Ala. 572, motion was made to dismiss the appeal. The bond in that case did not assume to supersede the judgment; nor are we aware that any statute of ours authorized that judgment to be superseded. The report of that case does not set out the appeal bond; but we have examined the record, and find that its penalty was one hundred dollars, with condition in the following language: "Now, if she shall prosecute her appeal, or, failing therein, shall pay all such costs as may be occasioned by said appeal, then the above bond to be void." It is manifest this bond secured the costs, only in the event the appellant failed in her appeal. The motion to dismiss was overruled. This court, among other things, said: "In relation to the objections which have been urged against the appeal bond, it is only necessary to say, that under the law regulating this appeal, (Code, § 1898,) security for the costs only was required. * * * Here, the obligation is to pay the costs of the appeal."

In Satterwhite v. The State, 28 Ala. 65, the bond was in condition to prosecute the appeal to effect, and to pay and satisfy the judgment which the supreme court may render. We held this a sufficient security for costs.

In the present record, the obligation is to prosecute the appeal to effect, and to *satisfy such judgment as the supreme court shall render.* This is, in substance, precisely the same as the appeal bond in Satterwhite's case, *supra.*

The bond in the case of Williams v. McConico, in Satterwhite's case, and in this case, each fails to secure some possible liability which may fall on the appellant; while each is a security for all the costs which this court can adjudge against him. We will adhere to the principle of the two cases cited.

The profession, in accommodating their practice to this opinion, should bear in mind that the costs in appeals to this court are not uniformly the same. The amount depends much on the size of the record. In each given

case, we judicially know the amount of the costs; and should the penalty be insufficient to secure the entire costs, the appeal bond would, on motion, be pronounced defective.

The result of what we have said is, that whenever the bond is in sufficient penalty to cover the costs of the appeal, and in condition to pay such costs as this court may render against the appellant, such bond is a security for the costs, and will uphold the appeal.

The motion to dismiss the appeal is overruled.

A. J. WALKER, C. J., not sitting.