## DAVIS vs. McCAMPBELL.

[PETITION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Security for costs of appeal.*—On appeal from a judgment of the circuit court, dismissing a petition for rehearing after final judgment,

(Code, §§ 2407-15,) the surety on the *supersedeas* bond, being a party defendant to the judgment appealed from, cannot become a surety for the costs of the appeal; and if there is no other surety for the costs, (Code, § 3041,) the appeal will be dismissed on motion.

2. *Rehearing at law, on account of lost, receipt since found.*—Section 2407 of the Code, authorizing a rehearing after final judgment at law, on account of a lost receipt or discharge of the claim sued on, which has since been found, does not apply to a case where the action is founded on a promissory note, and the receipt only shows a payment of the original consideration of the note.

3. *Same, on account of surprise, accident, mistake, or fraud.*—Where the defendant in an action at law is required by the court, as the condition of a continuance, to confess a judgment for a part of the plaintiff's demand, and confesses judgment accordingly, he cannot afterwards obtain a rehearing as to the confessed judgment, (Code, § 2408,) on the ground of surprise, accident, mistake, or fraud.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. S. D. HALE.

THE original action in this case was brought by James A. McCampbell, against J. L. Davis, and was founded on the defendant's promissory note for $346 37, dated the 27th April, 1853, and payable one day after date. The defendant pleaded *not guilty*, want of consideration, failure of consideration, fraud in procuring the execution of the note, and set-off. At the May term, 1859, a judgment was rendered against the defendant, by confession, for $175; and the cause was continued as to the residue of the plaintiff's demand. On the 3d September, 1859, the defendant filed his petition, duly sworn to, asking a *supersedeas* of the execution which had been issued on the confessed judgment, and a rehearing of the cause; and executed a *supersedeas* bond, as required by the statute, with M. J. Turnley as his surety. The petition alleged, that the note was executed by the defendant as the administrator of the estate of one William Mallory, deceased, and was given for the amount of an open account, which the plaintiff claimed to hold against said Mallory; that one item of said account was $180 60, paid by plaintiff to one McNutt on the 18th October, 1853, and another item was $71 63, taxes paid by plaintiff in November, 1853;—both of said payments

Davis v. McCampbell.

having been made by plaintiff, as he claimed, for said Mallory in his life-time; that the defendant, believing he had a good defense against the note, asked a continuance of the cause at the trial term, but was unable to make a satisfactory showing, and was therefore required by the court to confess a judgment, as above stated, for a part of the plaintiff's demand, as the condition on which a continuance would be granted as to the residue; and that, after the rendition of this judgment, he had found receipts showing the previous payment of the two items above mentioned, which receipts were lost or mislaid at the time the judgment was rendered. The court having overruled a demurrer to the petition, the plaintiff in the judgment filed a plea, denying the truth of the facts therein alleged; and issue was joined on said plea.

On the trial before the jury, as the bill of exceptions shows, the petitioner offered in evidence the plaintiff's answers to interrogatories under the statute, the receipts mentioned in the petition, and testimony tending to show that the judgment was confessed under the circumstances stated in the petition. The account which was the original consideration of the note, was made an exhibit to the interrogatories to the plaintiff, and also to one of the defendant's pleas to the original action; and while said account contained charges against the defendant for the two items above referred to, it gave him credits for two sums very nearly corresponding with those items, both in dates and amounts. The petitioner reserved several exceptions to the rulings of the court on the evidence, which require no particular notice. On all the evidence adduced, the court charged the jury, that they must find for the plaintiff in the judgment; to which charge the petitioner excepted. On the verdict of the jury, the court dismissed the petition and *supersedeas*, and rendered judgment against the petitioner and his surety on the *supersedeas* bond, for the amount of the original judgment and costs; and this judgment, together with the rulings of the court on the pleadings and evidence, is here assigned as error. A mo-

tion was submitted, on the part of the appellee, to dismiss the appeal for want of security for costs.

M. J. TURNLEY, for appellant.
MARTIN, HEFLIN & FORNEY, *contra*.

STONE, J.—As a motion has been made in this case to dismiss the appeal, for want of security for costs, we feel bound to respond to it. The appeal was taken from the judgment of the circuit court, dismissing the *supersedeas*. That judgment was rendered against J. L. Davis, and M. J. Turnley, his surety on the *supersedeas* bond; the judgment being against both of them. M. J. Turnley is the only surety for costs of the appeal to this court. Being a party to the judgment appealed from, the execution by him of the obligation intended as a security for costs, is not a compliance with section 3041 of the Code. There is no security for costs, and the appeal must be dismissed.

The appeal, however, may be amended, or a new appeal may be prosecuted, as two years have not elapsed since the judgment appealed from was pronounced. We will, therefore, dispose of the merits of the case.

[2.] We do not think the case made by the petition for *supersedeas* is within section 2407 of the Code. That section provides for a written release or discharge of *the claim sued on*. It contemplates a case where the release operates directly on the cause of action which is the subject of the suit. It does not reach a case like the present, where the lost paper only tends to show that the note, which is the foundation of the action, was executed in mistake, and, to a certain extent, without consideration. If the papers relied on in the present application are worth anything, their value consists in the fact—not that they are a release or discharge of the claim on which judgment was rendered—but that such claim never had a valid existence. For such cases section 2407 of the Code makes no provision.

[3.] The appellant's case, then, must stand or fall on section 2408 of the Code. That section gives a right to

a rehearing, at any time within four months after judgment, "when a party has been prevented from making his defense, by surprise, accident, mistake, or fraud, without fault on his part." The judgment in the present case was rendered on confession. To relieve himself from this record acknowledgment of the justice of the claim, the appellant shows in his proof that he had made application to the circuit court for a continuance of the suit against him, and that the circuit court required him, as a condition on which he would grant the continuance, to confess judgment for one hundred and seventy-five dollars, part of the claim sued on. This plain fact proves, that the circuit court adjudged the showing for a continuance, as to that sum, to be insufficient. The appellant thereupon accepted the terms, and confessed the judgment. This transaction had all the elements of a contract by matter of record, and the appellant cannot be relieved of it in a proceeding under section 2408 of the Code. We hold that, by a judgment confessed under the circumstances disclosed in this record, the party estops himself from afterwards litigating the matter, to the extent confessed; unless, perhaps, he might, in another forum, show that the *act* of confession was procured from him by fraud.

Nor can we perceive, by anything apparent on this record, that the appellant has been materially injured by the judgment which the law pronounces on his acts. He claims a credit, on 18th October, 1853, of $180 59; he obtained a credit, according to his own showing, of $180 on the same account, but dated October 19th, 1853. He claims a credit of $71 63, taxes paid; he received a credit of $70.

Appeal dismissed.