# The State, *ex rel.* C. T. Pollard, Jr. *v.* Willis Brewer, Auditor, &c.

## *Mandamus.*

1. *Statutes allowing fees must be strictly construed.*—The statutes which allow fees to sheriffs and other officers for services rendered in prosecutions by the State for criminal offences, and in executing judgments rendered in such prosecutions, give costs, and must be strictly construed.

2. *Such statutes do not embrace the sovereign, unless it is so expressly provided.*—It is a principle of the common law that such statutes do not extend to and embrace the sovereign, unless it is so expressly provided.

3. *The State, by the common law, pays no costs.*—"The king shall neither pay nor receive costs," was the rule at common law. The same principle

[State, ex rel. Pollard, v. Brewer, Auditor.]

has been applied to the governments, State and Federal, in this country in civil and criminal causes.

4. *Those who accept public offices, must take them cum onere.*—Those who accept public offices which require them to render services to the State, must take the office *cum onere.* The rendition of such service is gratuitous, unless by express statutory provision compensation is fixed, and an express liability for its payment imposed on the State.

5. *The State is not liable for the payment of turnkey fees.*—The State is not liable to sheriffs for the payment of turnkey fees.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.
The facts are stated in the opinion.

F. C. RANDOLPH, for the appellant.—1. The court below granted the writ as to those cases where prisoners were acquitted on trial, and refused as to all other cases. Appellant thinks the court erred in this latter ruling. Section 5043 of the Code of 1876, enumerates the fees and allowances of sheriffs in criminal cases. Among others, one dollar each for committing to, and releasing a prisoner from jail. This section provides the manner in which fees shall be paid.

2. It necessarily results from this statute that the State is liable to the sheriff for his fees for services rendered in those criminal cases where they have been taxed against the defendant, the foreman of the grand jury, or the prosecutor against either of whom there has been a return of no property, or when not taxed against either of them, except when such costs are payable by the county.

3. Except section 4461 of the Code of 1876, there is no other provision of law that enlarges the liability of the county beyond the section last cited. Construing sections 5043, 5044, and 4461 together, it results that the State is liable for all fees and allowances in criminal cases, when such are not taxed against the defendant, the foreman of the grand jury, or prosecutor; or if so taxed, when there is a return of no property found, except when the defendant has been convicted and execution returned no property, when State enters a *nol. pros.* Where indictment is withdrawn and filed, or defendant dies before trial, then latter is made a charge upon the county.

4. The appellant urges that the State is liable to him for turnkey fees in all criminal cases. The costs made payable by section 4461 by the county are the costs of the officers of the court as such; and that while the sheriff is an officer of court still he is something more by virtue of being *ex officio* jailer of the county, and the turnkey fees are due to him in

*ex officio* capacity, and not in his capacity purely as an officer of court.

5. A person can have two capacities; one, purely official, and the other *ex officio* in its nature; and may be entitled to· fees in each capacity.—52 Ala. 98; Ib. 87. Every fee enumerated in section 5043 is not a fee or costs of an officer· of court. It includes other fees, as feeding prisoners, &c. The very section recognizes the distinction between the fees due the sheriff as an officer of court, and others due him not as such officer. Section 4461 provides for fees due officers of court. Sections 5043–5044 provide for all fees due in criminal cases.

JOHN W. A. SANFORD, Attorney-General, for appellee. 1. The State is not bound to pay the salary or fees of any officer unless a statute expressly imposes this liability. If there be no law imposing such an obligation on the State, the law does not authorize the Auditor to draw his warrant on the Treasurer for the payment of such a claim. The history of the payment of the fees of the sheriff in criminal cases, shows that this claim for the payment of the turnkey fees is not well founded.—Code of 1852, § 4000; Code of 1876, § 5019.

2. According to the Code of 1852, the turnkey fees were fixed at fifty cents for each service, and were payable by the defendant on conviction; but on acquittal there was no provision for the payment of them at all.—Sections 3992, 3993. In the acts of 1857–8, p. 49, the turnkey fees were fixed at one dollar, but no change in the mode of payment was made. By an act approved January 18, 1866, Acts 1865–6, pp. 104–5, these fees were required to be paid by the State; but an act approved February 5, 1867, Acts 1866–7, p. 341, the law imposing this duty on the State was repealed.

3. The sheriff's right and power then, stood precisely as· they did in 1852; the amount to which he was entitled alone· was changed. The Code of 1867, which went into effect in January, 1868, referred to this matter in a note on page 798. Under that Code no sheriff claimed, and the Auditor never drew a warrant for the payment of turnkey fees. The provisons on the subject were found in the Penal Code, §§ 788, 789, were continued in the Revised Code, 1867, § 4339, and in the Code of 1876, § 5043. But the commissioners who prepared the latter Code, omitted the note on page 798 of the Revised Code, and it is asserted that the omission of the. note made the State liable for the turnkey fees.

[State, ex rel. Pollard, v. Brewer, Auditor.]

4. It is evident that prior to the 18th of January, 1866, Acts of 1865–6, p. 104, the State was not bound for such fees. By that act she was compelled to pay them till February 5, 1867. When the act imposing this burden was repealed, the burden fell off. The omission by the codifiers of the Code of 1876 to notice the repeal of the act of January 18, 1866, could not restore it. They had neither legislative nor judicial powers. Their omissions were not sanctioned by the legislature. It required them to insert all the laws of a general character, not incorporated in the Code as prepared and reported by them.—Code of 1876, p. 3.

5. Section 4461 of the Code of 1876, is an enumeration of the cases in which the " fine and forfeiture " is liable for the fees of the officers of court. But nothing is said of the payment of fees from the fund, in cases of acquittal of defendants. This omission does not impose the duty of payment of them on the State. The practice ot the Auditor's office, the contemporaneous construction, and l ong recognized action under the statute may be considered in ascertaining its true meaning.

6. The court erred in overruling the demurrer interposed by the defendant, and erred in the judgment rendered against him. According to sections 2043, 5044 of the Code of 1876, the State is liable when on conviction of the defendant, a return of no property is endorsed on the execution, and when the fees are not payable by the county. The Code does not say that when the defendant is acquitted, the State shall pay all the fees claimed by the sheriff.

BRICKELL, C. J.—The relator, who is sheriff and *ex officio* jailer of the county of Montgomery, presented to the respondent as Auditor, for audit, allowance and payment by warrant on the State treasury, an account for fees due the relator, for committing prisoners to, and releasing prisoners from jail, charged with criminal offences. The respondent refused to audit and allow the account, and thereupon the relator applied to the judge of the City Court for a *mandamus*, to compel him to audit and allow the same. In answer to an alternative writ, the respondent appeared and demurred, assigning several causes of demurrer, which in effect deny that the claim is chargeable against the State. On the hearing, the judge of the City Court adjudged that the alternative writ be made peremptory as to the fees of the relator for committing, or releasing prisoners who had been acquitted, and vacated as to all other such fees. Each party ap-

pealed and now assign error. The relator insisting the alternative writ should have been made absolute, as to all the fees claimed; and the respondent insisting that it should have been entirely discharged.

The claim and right of the relator is founded on the fourth clause of section 5044 of the Code of 1876, which reads: " The fees for services rendered in each criminal case must be taxed against the defendant, on conviction, or may be taxed against the prosecutor, or the foreman of the grand jury, under the provisions of section 4779 (4106) ; and if an execution against either of them is returned ' no property found,' or if the costs are not taxed against either of them, such costs must be paid by the State, except when they are payable by the county." The section is devoted to an appointment of the mode of paying the fees of sheriffs in criminal cases ; and the preceding section defines the services for which he is entitled to fees, and the amount of such fees. The provision above quoted was first introduced into the statutes by section 789 of the Penal Code of 1866. At the time of the adoption of that Code, the particular fees now claimed, were by express statute, charged on the State treasury, when defendant was insolvent, or acquitted, or discharged.—Pamph. Acts 1865–66, p. 104. This statute creating the charge was repealed by an act approved February 5, 1867.—Pamph. Acts 1866–67, p. 347.

The statutes which allow fees to sheriffs and other officers for services rendered in prosecutions by the State for criminal offences, and in executing judgments rendered in such prosecutions, are statutes which give costs and must be strictly construed—they can not be extended beyond their letter. It is a principle of the common law, that such statutes, (as it is in reference to all general statutes,) do not extend to, and embrace the sovereign, subjecting him to disability, or to liability, unless it is so expressly provided. " The king (and any person suing to his use) shall neither pay nor receive costs," was the rule at common law ; and the general words of statutes giving costs, did not include the sovereign. 2 Black. 400. The same principle has been applied to the governments State and Federal, in this country, in civil and criminal causes.—*Irwin v. Commissioners*, 1 Serg. and R. 505 ; *McKeeban v. Commonwealth*, 3 Barr, 151 ; *U. S. v. Boyd*, 5 How. 29 ; *Commissioners v. Blake*, 21 Ind. 32 ; *Prince v. State*, 7 Humph. 137. Those who accept public offices, which require them to render services to the State, must take the office *cum onere*—the rendition of such services gratuitously,

unless by express statutory provision, compensation is fixed, and an express liability for its payment imposed on the State.

The construction of the statutory provision, to which we have referred, for which the relator contends, is, that it fixes on the State, a liability to the Sheriff, for all the fees allowed him in criminal cases, when he renders the particular service for which a fee is chargeable, unless on conviction these fees have been taxed against the defendant, and paid by him ; or imposed on the prosecutor, or foreman of the grand jury, and paid by either of them ; or such fees are payable by the county.  It is not insisted the fees now claimed, for committing to, or releasing a prisoner from jail, can in this respect, be distinguished from any other fees to which the sheriff is entitled ; and if the State is responsible for these fees, it is equally responsible for all other fees which may not be taxed against the defendant, or the prosecutor, or foreman of the grand jury ; or if taxed against either of them, execution against either, is returned " no property found," and such fees are not payable by the county.  It is immaterial whether the prosecution is for felony, or for misdemeanor ; and if for misdemeanor, and malicious or frivolous, it is not material, that from mere inadvertence the court neglected to tax the prosecutor or foreman of the grand jury with the costs.  The State becomes in effect a guarantor to the sheriff as to his fees, of the solvency of the defendant if he is convicted ; or if he is not convicted, as an ordinary private suitor unsuccessful in a civil suit, liable for the fees.  If this be the correct construction, the legislature has singularly discriminated in favor of sheriffs, whose services are often not more meritorious than those of other officers compelled to render services in a criminal prosecution.  It is also a departure from the principle that the State is not to be mulcted into the costs of criminal prosecutions, because they are unsuccessful, or because of the insolvency of the defendant, for which it is difficult to assign a satisfactory reason.  The legislature may make the discrimination, and may subject the State to liability for costs of unsuccessful criminal prosecutions ; and may impose on it a liability as guarantor of the solvency of convicted criminals, malicious prosecutors, and delinquent grand jurors ; or the liability for costs of a mere private suitor in a civil action.  If it has done so, in plain and unambiguous terms, it is the duty of courts without reluctance to give effect to

[State, ex rel. Pollard, v. Brewer, Auditor.]

its will. But is this the proper construction of the statutory provision we are considering?

The preceding section, which defines the services for which the sheriff is entitled to fees, and fixes a liability on the State for particular fees, if the defendant is acquitted, or on conviction proves insolvent—and for victualling a prisoner while in jail, a liability if he is insolvent, though he has not been tried. It also fixes a liability on the county, for a fee in no event chargeable against a convicted felon; and a liability for another fee, if the accused is acquitted, or on conviction proves insolvent. The section also allows a *per diem* and certain expenses for conveying a convict to the penitentiary; which by a clause of the next section, immediately preceding the clause under consideration, is expressly made payable by the State Treasurer on the warrant of the Auditor. Whenever it is intended to fix a liability on the State for any of the fees or allowances to sheriffs, the intention is very clearly expressed. For instance, it is said: "for victualling prisoner in jail, to be paid by the defendant on conviction, or by the State if he is insolvent, or is not convicted." The fees and allowances for the removal of a prisoner, on a change of venue, are " to be paid by the defendant on conviction; and by the State if he is acquitted or insolvent." The statutes do not declare generally, that on a conviction, the defendant shall be liable for costs, unless it is expressly provided, the costs are to be otherwise paid, yet such is the manifest purpose. The services for which each officer is entitled to charge fees, and the fees for each service are specified, followed by a provision, that on conviction they are to be taxed against the defendant; and a provision that they may be taxed against the prosecutor or foreman of the grand jury, and collected by execution.

In pursuance of this plan of taxing the defendant with the costs as an incident to a judgment of conviction, the provision in reference to the fees of sheriffs is framed. The first member of the single sentence composing the clause, declares " the fees for services rendered in each criminal case must be taxed against the defendant on conviction." There is no room to doubt that it was intended by this part of the clause, to fix on the defendant a liability for all taxable costs, as a mere incident to a judgment of conviction, whether the conviction is of felony or a misdemeanor. The next member of the clause declares, " or may be taxed against the prosecutor, or the foreman of the grand jury, under the provisions of section 4779, (4106)." This would

[State, ex rel. Pollard, v. Brewer, Auditor.]

at first seem to be the alternative of the preceding member; yet it certainly is not. It refers to costs in cases of misdemeanor only, and costs which cannot be imposed if there is a judgment of conviction. The section of the Code referred to, authorizing a prosecutor, or the foreman of the grand jury to be taxed with costs, applies only to indictments for a misdemeanor, and in no event to indictments for felony. Nor is the prosecutor or foreman of the grand jury taxable with the costs, if there is a judgment of conviction. There must be an acquittal of the defendant, relieving him of all liability for costs, before either of them can be taxed with the costs. If there is such judgment, the malice or frivolousness of the prosecution and the neglect of the foreman of the grand jury, produce damage, for which it is the purpose of the statute to hold them responsible. The first member of the sentence consequently embraces all fees which may be taxed against the defendant on conviction, whether such fees are incurred in a prosecution for a felony, or for a misdemeanor. The second is narrower in meaning, and embraces fees in prosections for misdemeanor only, and which can not be taxed against the defendant—fees which are taxable against the prosecutor, or the foreman of the grand jury, only in the event of his acquittal.

When reference is had to section 4779 of the Code, it is obvious this sentence is merely a reaffirmation of the liability of a prosecutor or foreman for costs which that section imposes—and the liability would have existed to the same extent it now exists, if the sentence was omitted. The sentence consequently neither creates nor enlarges a liability.

The next and concluding member of the clause is; "and if an execution against either of them is returned 'no property found,' or if the costs are not taxed against either of them, such costs must be paid by the State, except when they are payable by the county." It may be these words stood alone, they are broad enough to charge the State with the payment of all costs, not payable by the county, or not taxed against and paid by a defendant, or by the prosecutor, or the foreman of the grand jury. The juster construction seems to us, is to refer them to such costs as by other provisions of law are made payable by the State absolutely, and can not be taxed against the defendant on conviction; or to such costs as may be taxed against the prosecutor or foreman of the grand jury, in the event of an acquittal, and which if convicted the defendant would be required to pay, and if he was insolvent, the State would be liable to pay, excepting

such costs as the county is liable to pay.   Thus construed it is, as is the preceding member of the sentence in reference to the liability of the prosecutor or foreman of the grand jury, a reaffirmation of the liability imposed on the State by other parts of the statute.   A reaffirmation not necessary as to any other officer than the sheriff, for to no other officer is the State liable for any fees.   The State is bound to pay, and there is no liability on the convict to pay, the expense of his transportation to the penitentiary.   The words last quoted are broad enough to embrace this expense, which preceding parts of the statute had fixed on the State.   So, the expense of the removal of a prisoner on a change of venue are embraced in these general words, though the liability of the State therefor, in the event of his acquittal, or of his insolvency if convicted, is fixed by preceding parts of the statute. And so of the costs of victualling the prisoners.   These are services in which a sheriff is compelled to incur expense in the performance, and compensation to him in any event, it is just, and the policy of the law to afford.   In this respect, these services are distinguishable from the services the clerk and other officers are required to perform, and distinguishable from other services, the sheriff is required to perform.   It is these fees which it is intended shall be paid by the State, (except when payable by the county,) if the defendant is not taxed with them, nor the prosecutor or foreman of the grand jury,—or it being taxed against either one he proves insolvent.   The fees payable by the county are similar to these—fees not only for services rendered, but the service necessarily involves expense—as the execution of a criminal with all its incidents; and the removal of prisoners when there is no jail in the county, or it is insufficient.   The statutory provision thus construed, is relieved from a discrimination in favor of sheriffs except when the service involves expenses · not incurred, by other officers in the rendition of service; and it conforms to the general intent manifested in the statutes, and to the conservative principle of the common law, not to mulct the State in the costs of criminal prosecutions because they are unsuccessful, or because of the insolvency of the defendants.   The general scope and object of the statute, and we mean the entire chapter of the Code devoted to fees in criminal and *quasi* criminal cases, of which this particular provision forms a part, must be consulted; and such a construction given this provision as will make it harmonize with all other parts and with the spirit and policy of the whole. If we adopted the construction on which the relator insists,

[Montgomery & West Point R. R. Co. v. Branch, Sons & Co.]

the State is under a liability to the sheriff, not incurred to any other officer; and the spirit and policy of the statute—not to impose such liability except when the sheriff in the performance of duty is subjected to expense, is departed from without any satisfactory reason. We hold therefore the State was not liable to the relator for the fees claimed—that the fees referred to in this clause of the statute for which the State is liable are the fees for which an express liability is declared by other parts of the statute, and that it was not the intent of the legislature by this clause to enlarge this liability. If this is not the proper construction, the repeal of the act of January 18, 1866, which charged these particular fees on the State treasury, was vain and useless.

The judgment of the City Court must be reversed, and a judgment here rendered discharging the alternative mandamus at the costs of the relator in this court, and in the City Court.