# The State for use of Fayette County v. Earnest, *et al.*

*Bill in Equity by County to subject Lands Fraudulently Conveyed to Satisfaction of Judgment on Forfeited Recognizance.*

1. *Nature of proceedings to enforce forfeiture on appearance bond; when county liable for costs.*—A proceeding by *scire. facias* against bail, on a forfeited recognizance (Code, §§ 4374, 4380), is a civil action in which the county is the beneficial plaintiff, and upon the unsuccessful termination of such proceeding the county is liable for the costs thereof.

2. *Same; appeal by county from decree dismissing bill to enforce judgment on forfeited recognizance; bond must be given for costs.*—Where a bill is filed in the name of the State for the use of a county to enforce a judgment upon a forfeited recognizance, and on final submission of the cause the bill is dismissed, an appeal from the decree dismissing such bill is within the provisions of the statute requiring security for costs to be given, (Code, § 439); and upon the failure of the county to give such security for costs in such cause, the appeal will be dismissed.

APPEAL from the Chancery Court of Fayette.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, the State of Alabama for the use of Fayette County, against the appellees. The bill avers that Fayette County is a judgment creditor of R. M. Earnest, by reason of the forfeiture of a bond entered into for the appearance of one John Kilgore at the circuit court of Fayette county to answer an indictment for murder, and that final judgment of forfeiture had been recovered against R. M.

[The State for use of Fayette County v. Earnest *et al.*]

Earnest in favor of the county. It is then averred in the bill that the said R. M. Earnest conveyed the lands owned by him to his wife Selina Earnest; that the conveyance of such lands was fraudulent and void and was executed for the express purpose of avoiding liability on the bond and of hindering, delaying and defrauding the county from the collection of a judgment obtained against R. M. Earnest for the forfeiture of the bond.

The prayer of the bill was to have said conveyance from R. M. Earnest to his wife, Selina Earnest, set aside and annulled as being fraudulent and void, and to have the lands conveyed therein subjected to the satisfaction and payment of the complainant's claim.

On the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree dismissing the bill, and the present appeal is prosecuted from such decree, the rendition of which is here assigned as error.

In this court the appellees made a motion to dismiss the appeal, because the appellant did not give security for costs as required by law.

DANIEL COLLIER, for appellants.

COLEMAN & BANKHEAD and M. B. McCOLLUM, *contra.* The appellants gave no security for the costs of this appeal, and the motion raises the question whether or not in a civil action by a county it must on appeal give security for costs. In this case Fayette County is the beneficial party and liable for costs.—*State v. Parker,* 83 Ala. 269; *Dover v. State,* 45 Ala. 244; Code, § 1330. No appeal can be taken without giving security for costs.—Code, § 439. We have been unable to find any provision of the law that exempts counties, which are corporations, from the operation of this last section of the Code, and allows them to appeal without giving security for costs.

TYSON, J.—A county is a body corporate liable to sue and to be sued as a natural person may be.—Code, § 1397. Having the capacity to sue and be sued, and, of necessity, the right to become a party to a civil action,

it is entitled to recover costs if successful, and is liable, if unsuccessful, to the successful party for costs.—Code, § 1325.

The proceedings to enforce a forfeiture on an appearance bond, is a civil action in which the county is the exclusive beneficiary.—*Peck v. The State,* 63 Ala. 201; *Hunt v. The State,* Ib. 196; *Hatch v. The State,* 40 Ala. 718; *The Governor v. Knight,* 8 Ala. 297; *The State v. Hinson,* 4 Ala. 671; *Howie & Morrison v. The State,* 1 Ala. 113; Code, § § 4714, *et seq.; Herr v. Seymour,* 76 Ala. 270.

The appearance bond being payable to the State, proceedings to enforce the forfeiture thereof must be in the name of the State for the use of the county beneficially interested.—Code, § § 4375 and 4376. And the county being the beneficiary, must be considered the sole party plaintiff on the record.—Code, § 29; *Lehman, Durr & Co. v. Clarke,* 85 Ala. 109; *Gardner v. M. & N. Railroad Co.,* 102 Ala. 642.

Section 1330 of the Code provides: "When a judgment is rendered against the plaintiff, in any suit brought in the name of a nominal plaintiff for the use of another, judgment for costs must be rendered against the beneficiary or his representatives." This suit was instituted for the enforcement of the judgment upon the forfeited recognizance, in which the State has no possible interest and is a mere nominal plaintiff. Under the section of the Code above quoted the county would be liable for the costs in the event of an unsuccessful termination of this cause and the nominal plaintiff in nowise responsible therefor.—*Dover v. The State, use of Winston County,* 45 Ala. 244; *The State, use of Coosa County v. Parker,* 83 Ala. 269.

Section 439 of the Code requires security for costs to be given before an appeal to this court can be taken from a final decree or judgment. The county being liable for costs, must comply with this requirement. No security for costs in this cause having been given, the motion to dismiss this appeal must be granted.

Appeal dismissed.