# Griswold *v.* Thornton *et al.*

### *Bill in Equity for an Injunction.*

1. *Appeals; amendment upon death of one of the parties.*—After the rendition of a final decree granting the relief prayed for by the complainant in a bill in equity, from which an appeal is taken, but before the appeal was sued out, if one of the respondents, in whose name the appeal is taken, dies, the amendment of the appeal so as to show that the appeal was taken in the name of all of the respondents except the one who died, cures any defect or irregularity occasioned by the death of the respondent.

2. *Security for costs of appeal; guardian ad litem.*—Where two of the respondents to a bill in equity are minors, and are represented in the litigation by a guardian *ad litem*, and from a decree granting the relief prayed for by the complainant an appeal is sued out in the name of all the respondents, such guardian *ad litem* is a party to the suit as to such appeal, and is liable for the costs of the appeal just as the other parties appealing, and can not become a surety for the costs of the appeal within the meaning of the statute, (Code, § 439).

3. *Same; when appeal dismissed.*—On an appeal which is prosecuted by all the respondents from a decree granting the relief prayed for by the complainants in the chancery suit, where the appeal bond or security for costs is signed only by the parties to the suit in the court below and there is no other security for costs, there is not given that security for costs of such appeal as is required by the statute, (Code, § 439), and such appeal will be dismissed on motion properly made.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JERE N. WILLIAMS.

The appellee, W. M. Thornton, filed a bill in the chan-

cery court of Bullock county against H. H. Griswold and others, in which he prayed to have an action of ejectment enjoined and errors in the description of certain lands contained in a deed to the complainants corrected, and that all interest in said lands be divested out of the defendants and invested in the complainant. Among the parties respondent to the bill there were two minors who were represented by Ernest L. Blue as guardian *ad litem.*

On the final submission of the cause, the chancellor rendered a decree granting the relief prayed for by the complainants. From this decree all of the parties respondent took an appeal. The appeal bond or security for costs was signed by all the respondents. The said Ernest L. Blue also signed the security for costs. The security for costs was signed by no other persons whatever. In this court there was a motion made to dismiss the appeal. The grounds of this motion are sufficiently shown in the opinion, and as the appeal is dismissed, it is unnecessary to make a detailed statement of the facts.

RAY RUSHTON, ERNEST L. BLUE and FRANCIS G. CAFFEY, for appellant, cited Code, § 439; *Ex parte Hood,* 107 Ala. 524; *Riddle v. Hanna,* 25 Ala. 485; *Robertson v. Davenport,* 27 Ala. 574; *Marshall v. Croom,* 50 Ala. 479.

JOHN D. NORMAN, *contra,* cited *King & Owen v. Mc-Cann,* 25 Ala. 471; *Davis v. Campbell,* 37 Ala. 612.

DOWDELL, J.—The appeal in this case was sued out in the name of all the respondents in the court below. The motion to dismiss the appeal is based upon two grounds, the first being that after the rendition of the final decree appealed from and before the appeal was sued out, Emma Williams, one of the respondents in whose name the appeal was taken, had died. Sufficient to say that this ground of the motion had been met and obviated by a counter motion to amend the appeal so as to show that the same was taken in the name of all the respondents except the said Emma Williams.

The second ground of the motion is to dismiss for

want of security for costs. The appeal, as we have said, was sued out in the name of all the respondents. Two of the respondents, being minors, were represented by a guardian *ad litem*, and as representing such minors and joining with the other respondents in the appeal, he became thereby, of his own motion, an actor, and liable for the costs of the appeal just as any other party appealing. The persons signing the security for costs, which was taken and approved by the register, were parties to the suit. Ernest L. Blue, as guardian *ad litem* for the minors, and who joins with the appellant in taking the appeal, it is true was a party in a representative capacity, but this makes him none the less a party, just as a general guardian or an administrator would be in his representative capacity. He is certainly a party to the suit in the sense of the right of prosecuting an appeal. If he were not a party, he could not prosecute an appeal. We know of no statute which would authorize him to prosecute an appeal without giving security for costs as any other party appealing, unless it be section 468, which by the terms of the statute is. limited to appeals taken from decrees by the probate court or probate judge. The security for costs in this case being signed by only those who were parties to the suit in the court below, is not in compliance with the requirements of section 439, which has been decided by this court to be peremptory.—*King & Owen v. McCann*, 25 Ala. 471; *Davis v. McCampbell*, 37 Ala. 609. Section 1348 of the Code, which provides for a money deposit with the clerk or register as security, applies to suits commenced by non-residents, and has no application to appeals.

As no security for costs was given in compliance with the requirements of the statute, it follows that the motion to dismiss the appeal must prevail.

The appeal is dismissed.