# Copeland *v.* Jefferson County.

### *Assumpsit.*

(Decided April 8, 1915.   68 South. 285.)

1. *Officers; Fees and Costs; Authority.*—An officer claiming fees or costs must point to some clear and definite statute authorizing the claim and the language of the statute must be strictly construed against him, under the provisions of section 3693, Code 1907.

2. *Counties; Fees; Clerk.*—Under sections 6635-6, Code 1907, fees for services rendered by the clerk of the criminal court of a county in cases wherein conditional judgments against defaulting defendants and their bail where made final, and executions returned "no property found," or in cases where conditional judgments were set aside for a good cause, could not be taxed against the county.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by W. B. Copeland against Jefferson county, to recover certain fees alleged to have been earned

as clerk of the Jefferson Criminal Court. Judgment for defendant, and plaintiff appeals. Affirmed.

Transferred from the Court of Appeals under the act creating such court.

CABANISS & BOWIE, for appellant.

W. K. TERRY, for appellee.

SAYRE, J.—By this action appellant claimed the right to recover of the county certain fees for services rendered by him as clerk of the criminal court of Jefferson county. Some of the items claimed arose in cases where conditional judgments against defaulting defendants and their bail were made final, and executions had been returned "No property found." Others grew out of cases in which such conditional judgments were set aside for good and sufficient cause shown.

*State, for the Use of Coosa County, v. Parker,* 83 Ala. 270, 3 South. 552, is the principal authority for appellant's proposition. That case followed *Dover v. State,* 45 Ala. 244, on the question now presented. The argument was that, since an action against a forfeited undertaking of bail was a civil proceeding, as the court had held in cases of earlier decision touching the rights of the parties to the bailpiece, and since the county was a body corporate liable to sue and be sued as a natural person, ergo the right of officers to fees in such cases was to be determined as upon the statute giving fees in civil cases.

(1) "The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law."—Code, § 3693. An officer claiming fees or costs must point to some clear and definite provision of the statute authorizing

the claim; and against him the language of the statute must be strictly construed.—*Mobile County v. Williams,* 180 Ala. 639, 61 South. 966; *Dawson v. Matthews,* 105 Ala. 485, 17 South. 19; *State v. Brewer,* 59 Ala. 130.

(2) It will not be denied that the Legislature has at all times had the power to dispose of the matter of such fees and costs by statutes of prospective operation; and it will scarcely be contended that, if the Legislature has made provision for the taxation of fees and costs, such as are here claimed, under the head of fees and costs in criminal cases, recourse may be had for an argument in their favor to the general language of the statute authorizing the taxation of fees and costs in civil cases.—*State v. Brewer, supra.* In *State v. Parker, supra,* it was said that sections 5027 and 5032 of the Code of 1876, occurring in the chapter of that Code dealing with "Fees in Civil Cases," were broad enough, however strictly construed, to justify the allowance of a fee to the circuit clerk for issuing the "sci. fa., or notice in the nature thereof," in a proceeding against a forfeited bail bond. No attention appears to have been given to the chapter on "Fees in Criminal and Quasi Criminal Cases," where the provision was made for fees in forfeiture proceedings against defendants in such cases and their bail. However this may have been, consideration of the principles already adverted to and the statutes in their present shape have brought us to conclude that appellant's claim cannot be sustained.

Section 6635 of the present Criminal Code provides for the clerk a fee "for issue of any writ, scire facias, or notice, .50." It provides other fees sought by appellant, viz.: "Entry of forfeiture against defendant, .50." "Final judgment of forfeiture against defendant, .50." The words "scire facias" have been inserted in the first item mentioned since the decision in *State v. Parker.*

These items, it is plain, are not the items of "Entering up judgment" and "Every scire facias, or notice in the nature thereof," allowed to the clerk as fees in civil cases.—Section 3713 of the Civil Code. They occur in different articles of the present Code, and the amounts chargeable are different. The only other specific provision for these fees in criminal cases is to be found in section 6636 of the Criminal Code, which prescribes that: "Of the fees specified in the preceding section, such as accrue on a forfeiture against * * * bail, must be taxed as costs, and collected under execution against such * * * bail, unless excused therefrom by the court."

In this state of the statutes on the subject, the fees claimed cannot be taxed against the county.—*State v. Brewer, supra.*

In *State, for the Use of Fayette County, v. Earnest,* 123 Ala. 631, 26 South. 948, there had been a final judgment of forfeiture, and the appellant had filed a bill in chancery to set aside conveyances by a surety, alleged to have been made in fraud of the judgment, and to execute the judgment by compelling its satisfaction out of the property so conveyed. There was no question about the costs of the forfeiture proceeding. From an adverse decree the state, for the use of the county, prosecuted an appeal, and the entire purpose of the decision in this court was that on such appeal the usee county should be required to give security for the costs of appeal. That was clearly a civil case, untouched by the provisions for costs in criminal cases, and the decision is foreign to the question here involved.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.