(122 So. 831)

**CHAS. R. BYRD & CO. v. AGE–HERALD PUB. CO.   (6 Div. 247.)**

Supreme Court of Alabama.   June 6, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellee.

THOMAS, J. Plaintiff, by leave of the court, withdraws counts ex contractu, viz. 1, 2, and 3, and adds counts 4, 5, 6, and 7, to which demurrers were sustained. On account of such adverse ruling the plaintiff takes a nonsuit, which was duly entered, etc.

Appellee contends that the action taken and judgment rendered will not support an appeal. Section 6431, Code. The judgment rendered shows that the action taken was induced by the ruling, and appeal may be taken upon the record without further declaration of purpose by plaintiff. Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 688; Epperson v. Bank, 209 Ala. 12, 95 So. 343; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Bush v. Russell, 180 Ala. 590, 61 So. 373; Ann. Code of 1928, § 6431. This appeal is not dismissed.

The plaintiff was not attempting under counts 4, 5, 6, and 7 to recover a commission for the sale of the land, made the subject of the contract set out. The defendant (Age-Herald Publishing Company) did list with plaintiff and agree to sell said lands, thus enabling plaintiff to earn and be entitled to compensation growing out of or accruing from that contract, and all the parties understood when they contracted what plaintiff's damage or loss would be in the event of defendant's nonperformance. The result of such failure on defendant's part, without lawful excuse, was loss to plaintiff, within the contemplation of the parties, in the event of defendant's failure to perform. The suit is therefore for a breach of contract made between Chas. R. Byrd & Co. and the defendant, Age-Herald Publishing Company, under special circumstances or conditions upon which the parties acted, and not upon a commission contract. Plaintiff could not recover of the Canal Realty Company unearned commission, and was prevented to so recover by defendant's failure, without lawful excuse, to keep and perform its agreement to sell. Such damages as plaintiff sustained were within the contemplation of the parties. Morgan v. Whatley et al., 205 Ala. 170, 87 So. 846; Columbia Motors Co. v. Williams, 209 Ala. 640, 644, 96 So. 900; Bixby Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Eells v. Parsons, 132 Iowa, 543, 109 N. W. 1098, 11 Ann. Cas. 475; Calkins v. Woolworth (C. C. A.) 27 F.(2d) 314.

Count 7 discloses the relations of the several parties, the circumstances or conditions under which the agreement of sale was made, and their interests growing out of the contract for and of the sale of that subject-matter. The count discloses such a state of facts as to justify a recovery for breach of the contract and for the amount indicated, and which amount was in contemplation of the parties. And the case is within the influence of Morgan v. Whatley et al., 205 Ala. 170, 87 So. 846.

We are not of opinion that there was error in ruling as to the other counts, 4, 5, and 6. There was error in sustaining demurrer to count 7.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

SAYRE, J., dissents.