144 So. 803

## COLBERT COUNTY v. TENNESSEE VALLEY BANK.

### 8 Div. 407.

Supreme Court of Alabama.

June 9, 1932.

Rehearing Denied Oct. 13, 1932.

Further Rehearing Denied Dec. 15, 1932.

Lynne & Lynne, of Decatur, for appellee.

R. T. Simpson, Jr., Sol., and W. H. Mitchell, both of Florence, for appellant.

**THOMAS, J.**

The submission was on the motion to dismiss the appeal and on the merits.

The motion to dismiss the appeal is on the grounds that the appeal was taken without the authority of the board of county commissioners; that the county commissioners elected not to appeal from the judgment rendered, but to abide thereby; that the bond was not given with sureties as required by law. The ground of insufficiency of the bond was met or offered to be remedied by a new bond that was offered to the court on submission of the cause.

We come first to consider the questions presented by grounds 2, 3, and 4 of the motion to dismiss the appeal, as follows:

"2. Said appeal purports to be by the County of Colbert, Alabama, and the appeal is not authorized by anyone empowered to act for the said corporate entity in that behalf.

"3. The appeal is attempted to be had from a judgment of the Circuit Court of Colbert County, Alabama, on November 20, 1931, and the members of the board of county commissioners of Colbert County, Alabama, on January 15, 1932, ordered that no appeal be had from said judgment, as shown by copy of said order hereto attached, marked Exhibit A., and made a part and parcel hereof.

"4. Said appeal is from a judgment of Circuit Court of Colbert County, Alabama, rendered on November 20, 1931, and the court of county commissioners of Colbert County, Alabama, on, to-wit, January 15, 1932, in session, elected to abide by said judgment and not to appeal therefrom."

Statutes bearing upon these questions are: Section 209, Code 1923, giving the court of county commissioners the control of all property belonging to the county, with the right of directing the disposal of any real property that may be lawfully disposed of by that authority; section 224, which imposes the duty of auditing all claims against the county and registering every claim, or such part thereof as is allowed, in a book kept for that purpose; section 225, providing for the itemization, proof, and allowance of claims, and declaring this section does not extend to bonds and interest, or interest coupons lawfully issued by the county; section 232, for the funding of the county's indebtedness.; and sections 239 to 243, providing for loans by counties in anticipation of taxes.

It is further provided in section 6755 of the Code that the commissioners' court has authority to direct and control the property of the county "as it may deem expedient according to law"; to provide for the keeping of the courthouse; to levy a general and a special tax according to law; "to examine, settle, and allow all accounts and claims chargeable *against* the county"; to examine and audit accounts of all officers handling funds "for its use and benefit"; to care for the poor in the county within the law; to punish for contempt by fine; to establish, abolish, enlarge, or change stock law districts; to subpœna, examine, and compel the attendance of witnesses, etc.; to contract for maps or plat books, etc.; "to compromise on such terms as they may deem just, all doubtful claims in favor of the counties, when such claims arise on account of moneys heretofore paid, in good faith, by order of such courts," etc. Such are some of the general duties and powers of the commissioners' court of the county.

The county being liable for costs, the beneficial party at interest must comply with the statutes on its appeal. Section 6131, Code; State, for the use of Fayette County, v. Earnest et al., 123 Ala. 631, 26 So. 948; Copeland v. Jefferson County, 192 Ala. 12, 68 So. 285; Davis v. McCampbell, 37 Ala. 609; King & Owen v. McCann, 25 Ala. 471. The security for costs on taking the appeal was

not in compliance with the requirements of the statute, and, without more, the appeal should have been dismissed. However, on submission a new bond with other security for costs was tendered to this court by appellant, which was sufficient.

The appeal of date of April 23, 1932, is that Colbert county, "the plaintiff, has taken an appeal from said judgment of nonsuit to the Supreme Court of Alabama * * * and the undersigned, Colbert County, Alabama, a Municipal Corporation, acknowledges itself as security for the costs of such appeal in said cause," signed by that county by the solicitor of that circuit court and as "Plaintiff's Solicitor of Record."

The judgment in question was of date of November 20, 1931, and the cause was dismissed on that date.

The motion to dismiss is accompanied with a resolution of that commissioners' court, as follows:

"The State of Alabama, Colbert County.
"January 15, 1932.

"The Commissioners' Court of Colbert County, Alabama, met pursuant to adjournment, at the Courthouse on this the 15th day of January, 1932, and there were present N. P. Tompkins, Chairman, and W. A. Reid, S. E. Kimbrough, Rad Thompson and J. S. Wagnon, Commissioners.

"Commissioner S. E. Kimbrough moved that it is the sense of the Court of County Commissioners that they abide by the recent ruling of the Judge of the Circuit Court in the case of the County against the Tennessee Valley Bank, without appeal. This motion was seconded by Commissioner W. A. Reid, and a vote being taken, Commissioners Reid Kimbrough, Thompson and Wagnon voted for its adoption."

This resolution purports to be further verified or exemplified under the seal of the probate court. There is no insistence but that this action and resolution of the commissioners' court of that county was duly taken as exhibited.

■ The appeal being prosecuted in behalf of Colbert county, although without the consent of the board of county commissioners of that county, whose primary duties were to duly administer and safeguard the financial affairs of that county, it was within the power of other officials to create an indebtedness against the county, such as costs and attorneys' fees, when authorized by statute to do so.

■ The demurrers on file go to the merits of the right of recovery, and not to the authority of the solicitor to bring and prosecute the suit. To the date of the trial in the circuit court, the suit had been maintained in the name of and for the benefit of the county, and the authority to so prosecute rested in the evidence, and his acts under the law and pursuant to reports of the accounting departments of state and county. The county, having acquiesced in his exercise of that authority to bring and prosecute the suit, cannot here question, by motion and resolution of the court of county commissioners, that authority to prosecute the appeal to this court. The law and its action thereunder gave the authority under the certain conditions precedent, and such evidentiary conditions may be and were no doubt the subject of inquiry, or were admitted and acceded to before the adverse judgment in the circuit court against the county. The motion to dismiss is overruled.

It is stated in brief for appellant that, "This cause of action was certified to the Solicitor of the Eleventh Judicial Circuit of Alabama by the Accounting Department, and action was brought under the requirements of section 751 of the Code." It is there provided: "If the amount due by said officer is in favor of the county, then the examiner shall certify to the solicitor of the circuit, or other court having jurisdiction, the amount or amounts so due, and such solicitor shall proceed to collect the same by suit against the officer and his bondsmen. For this additional service solicitors shall receive ten per cent of the amounts collected, to be paid out of the county treasury immediately."

We will proceed with a consideration of the rulings that superinduced the nonsuit to the complaint as amended—the sustaining of demurrer B to counts 12 to 19, inclusive, will present the vital question for decision.

■■ The Acts of 1915, page 348, abolished the office of county treasurer in counties having a population of not more than fifty-five thousand, etc., except as otherwise provided by law. And we judicially know that Colbert county came within the provision of this statute as to its population basis. These statutes are codified as section 312 et seq. of the Code. Section 316 of the Code provides for sealed bids and offers of the highest rate of interest to the county on daily balances of "bank deposits" for the period of "the following calendar year." In the absence of fraud, the decision of the commissioners' court is binding in such selection. Citizens' Bank & Security Co. v. Commissioners' Court of DeKalb County, 209 Ala. 646, 96 So. 778. Section 317 provides for the bond to secure the deposit; and section 318 with the depositories charged with the duties and "subject to the same liabilities insofar as the safekeeping and paying out of the funds of the several counties are concerned, as are now imposed by law upon county- treasurers." Section 319 provides: "County depositories may maintain

all actions and proceedings of every kind which county treasurers may maintain." It is then provided by section 322: "If the board of revenue or court of county commissioners are unable to designate any depository for the county funds in their county by reason of their inability to secure from any bank within its limits terms for the handling of the county funds as provided in this article, satisfactory to such boards of revenue or courts of county commissioners, then such boards may designate some individual who may act as treasurer of such county *under such terms and conditions as may be fixed by said courts of county commissioners or boards of revenue.*" (Italics supplied.) This court said of such selection: "That whether the individual so selected be termed a 'treasurer' or 'depository' he is the acting treasurer and is such a public officer or claimant to such office as to subject him to removal by quo warranto, under section 9932 of the Code of 1923, when unlawfully holding same. He is not a mere contractor. State ex rel. [Kernachan] v. Roberts, 203 Ala. 325, 83 So. 49; Michael v. State ex rel. Welch, 163 Ala. 425, 50 So. 929." Jenkins v. State ex rel. Watson, 219 Ala. 554, 123 So. 31, 32.

■ Having acted in good faith and in accordance with this authority, and for the best interest in its exercise and discretion for the county, and made such contract for the payment of interest by the bank and Henninger, the grounds of demurrer to counts A and 12 to 19, inclusive, were not well directed. It is recited: "Because of adverse ruling of the Court as to each of said counts 12 to 19, separately and severally, plaintiff declines to plead further and suffers a nonsuit, and appeals; and the same having been considered by the Court: It is ordered and adjudged that this cause be and the same is by the Court hereby dismissed out of this Court and that the defendant go hence without day and recover of the plaintiff, the costs in this behalf expended, for which execution may issue." This was a final judgment as to the whole complaint, and there was no effort to plead over.

■ It is insisted by appellant that the nonsuit was taken, not because of the ruling on demurrer to count A as amended, but because plaintiff could not "split up the ruling" and say it was good as to count A and erroneous as to counts 12 to 19, inclusive. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11. We think the record makes it clear, or it is reasonably apparent therefrom, that the sustaining of demurrers to count 12 to 19, inclusive, was reserved for review. Maze v. Employees' Loan Soc. et al., 217 Ala. 44, 114 So. 574; Gulf Electric Co. v. Fried, 218 Ala. authorities page 691, 119 So. 685; City of Mobile v. Board of Revenue, Mobile County, 219 Ala. 60, 61, 121 So. 49; Chas. R. Byrd & Co. v. Age-Herald Publishing Co., 219 Ala.

505, 122 So. 831; Feidelson v. Piggly Wiggly Alabama Co., 221 Ala. 81, 127 So. 516.

We hold that there was error in sustaining the demurrers and dismissing the suit. Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, J.

The attention of the court is called to the fact of the alleged lack of jurisdiction which was not fully considered.

The judgment was rendered November 20, 1931, the notice of appeal duly given within six months therefrom (sections 6101, 6127, Code), and on April 23, 1932, the appeal bond was signed, "Colbert County, Alabama, a Municipal Corporation, By R. T. Simpson, Jr., As Solicitor of the Eleventh Judicial Circuit, Plaintiff's Solicitor of Record," and was indorsed, "Taken and approved, this April 23rd, 1932, W. T. Moody, Clerk." This bond did not contain a surety as required by sections 6101, 6131, Code. That bond was amended here May 26, 1932.

■ It is decided that the taking of an appeal within the time is jurisdictional and cannot be waived by the parties. Meyers v. Martinez, 162 Ala. 562, 50 So. 351; Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Lowry v. Hill, 211 Ala. 645, 101 So. 586; City of Troy v. Murphree, 214 Ala. 118, 107 So. 83; Thompson v. State ex rel., 216 Ala. 348, 113 So. 296.

In Thompson v. Menefee, 218 Ala. 332, 118 So. 587, is the announcement, on authorities collected, that the appeal was counted from the date or time sufficient surety for costs was lodged with the proper officer. Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Jacobs v. Goodwater Graphite Company, 205 Ala. 112, 87 So. 363; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; within the time allowed for appeal, Davis v. McCampbell, 37 Ala. 609; Walker v. Hunter, 34 Ala. 204; Williams v. McConico, G'd'n, etc., 27 Ala. 572; King & Owen v. McCann, 25 Ala. 471.

■ It is established that when a county appeals in its corporate and independent capacity, it must comply with the statute as to sureties. State v. Page, 19 Ala. App. 303, 97 So. 244, and authorities, a process in the collection of a tax. In State for Use of Fayette County v. Earnest, 123 Ala. 631, 26 So. 948, the bill was filed by the state for the benefit of the county to enforce a judgment upon a forfeited recognizance, and was held to fall within the statute in question as to the perfection of an appeal. Copeland v. Jefferson County, 192 Ala. 12, 68 So. 285, was for the

recovery of certain fees for services rendered by appellant as clerk of the criminal court.

The instant proceeding is not within the exemption of section 5644 of the Code, applying to actions by the state.

The county of Colbert was obligated to pay the costs in the event of the loss of suit, either with or without executing bond. However, the statute (section 6131 of the Code) required that additional security be given in the perfection of the appeal. The statute is peremptory in a case where it has application. King & Owen v. McCann, supra; Davis v. McCampbell, supra; Thompson v. Lea, 28 Ala. 453. In Griswold v. Thornton, 129 Ala. 454, 30 So. 717, where the bond signed only by the parties before the court, held insufficient.

Was the bond filed here such an undertaking held so radically defective in form or substance as to be void under our statute? 3 C. J. 1193. Did it amount to the filing of no bond, or was it such as was cured by the filing of a new bond or undertaking after the expiration of the six months' time of appeal had expired? Davis v. McCampbell, 37 Ala. 609, 612. We think the effect of the alleged bond filed and approved of date of April 23, 1932, was cured by the new bond on May 26, 1932, and hold that the defect was cured by the new bond taken and approved by the clerk of this court of date of May 26, 1932.

We may say further of our decisions that sections 6144 and 6145 of the Code were not statutes when the decision in Davis v. McCampbell, supra, was rendered (3 C. J. 1265); in Strain v. Irwin, 199 Ala. 592, 75 So. 151, the judgment was misdescribed as to the date of its rendition; in Sloss-Sheffield Steel & Iron Co. v. Terry, 191 Ala. 476, 67 So. 678, the date of the bond was omitted; in McCarter v. City of Florence, 213 Ala. 367, 104 So. 806, the bond did not contain the proper condition and was payable to improper officers, and was permitted to be amended under the new section, section 6145 of the Code; Ex parte Canada Life Assur. Co., 217 Ala. 210, 115 So. 244, adverts with approval to the statute and observes that no appeal will be dismissed for want of a "sufficient appeal bond or bond for the costs of the appeal"; and Birmingham Trust & Savings Co. v. Currey, 175 Ala. 373, 375, 57 So. 962, Ann. Cas. 1914D, 81, applied the statute where the bond was defective though not ineffectual, and held opportunity for amendment should have been given.

The cases as to appeals by married women (section 6138, Code) without bond are not analogous. Ex parte Johns, 209 Ala. 638, 96 So. 888; Kimball v. Cunningham Hardware Co., 201 Ala. 409, 78 So. 787. In Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26, the case of a married woman seeking to take an appeal without security for costs in a case where such security was required and the ruling was that security not having been given before the time for taking appeal had expired, the motion to dismiss the appeal was granted; no effort being made to give security. In Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241, the security was given and there was failure of notice of the appeal, and the motion to dismiss was denied. In Ex parte Johns, 209 Ala. 638, 96 So. 888, the trust instrument and estate were the subject of inquiry; held that Mrs. Johns had the right of appeal without bond, under section 6138 of the Code. The question before us for decision was not presented in Jacobs v. Goodwater Graphite Company, 205 Ala. 112, 87 So. 363, where the observation was made that the appeal was taken on giving security for costs and docketing the cause here on certificate, within the time prescribed, though the transcript was delayed in its filing in this court. See, also, Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94, where the possession of land was the subject of suit to quiet title; Lea v. Phillips, 216 Ala. 35, 112 So. 323, sought to annul a mortgage; Ex parte Jones, 217 Ala. 208, 115 So. 301, for money payment; Ex parte Brown, 213 Ala. 7, 105 So. 170, an appeal from a money judgment. No attempt to perfect the appeal by giving bond was made in any of these cases under the provisions of sections 6144, 6145, of the Code.

Such are the several classes of our decisions having analogy to the instant situation or suggested as bearing upon the question before us. We repeat that the decisions under the codification of the Acts of 1915, p. 715, as section 6138 of the Code, do not present the question for decision here; in each of those cases no bond was offered as here. The purpose of the statute (sections 6144, 6145, Code) was to meet the necessities of a case like this.

The motion to dismiss the appeal was properly denied on former consideration.

Application overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.